J-S75017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NEHEMIAH ROLLE, JR. | : | |
| | : | |
| Appellant | : | No. 483 WDA 2017 |

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000073-2016

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

JUDGMENT ORDER BY OTT, J.: **FILED MARCH 06, 2018**

Nehemiah Rolle, Jr., appeals *pro se* from the judgment of sentence imposed on February 16, 2017, in the Court of Common Pleas of Somerset County. Rolle filed a summary appeal and was found guilty in a *de novo* trial of violation of 75 Pa.C.S. § 6110, Regulation of traffic on Pennsylvania Turnpike. The trial court ordered Rolle to pay costs of prosecution, costs of appeal, JCP fee of $10.00, a surcharge of $45.00, an EMS fee of $10.00, and a fine of $25.00. We quash the appeal.

The certified record contains the February 16, 2017, "Verdict of the Court and Sentence," which reflects that Rolle appeared *pro se* at the *de novo* trial, that the trial court imposed the above-stated sentence, and that Rolle was advised payment was due within 60 days of the date of this verdict, and

he had 30 days from the date of the verdict to appeal the sentence.[1] Additionally, the "Verdict of the Court and Sentence," and trial court docket reflect a copy of the "Verdict of the Court and Sentence" was mailed to Rolle on March 1, 2017.[2] Rolle filed his notice of appeal on March 27, 2017, beyond the 30-day appeal period.[3]

A "notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In summary case appeals, "[t]he imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 720(D). The comments to the Rule provide that "[t]he time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence." *Id.* (comment). "The date of imposition of

---

[1] **See** Docket Entry No. 4.

[2] The docket also reflects the following docket entry for March 7, 2017: "Itemized Statement of Costs and Fines Mailed to Defendant."

[3] On April 25, 2017, this Court issued a Rule to Show Cause (RTSC), directing Rolle to show why the appeal was timely. Rolle responded to the RTSC, stating the "Verdict of the Court and Sentence" was not mailed to him until March 7, 2017. **See** Rolle's Answer to RTSC, 5/4/2107, at 1-2. Rolle also provided a copy of an envelope from the Somerset County Clerk of Courts that was postmarked March 7, 2017. **See id.**, Exhibit A. On May 9, 2017, this Court entered a Discharge Order. The Discharge Order advised Rolle that this issue may be revisited by the panel assigned to the case.

the sentence is the date the sentencing court pronounces the sentence."

***Commonwealth v. Green,*** 862 A.2d 613, 621 (Pa. Super. 2004).

Here, because Rolle's sentence was imposed in open court on February 16, 2017, his notice of appeal was due no later than 30 days later — on Monday, March 20, 2016.[4]  Consequently, Rolle's March 27, 2017, notice of appeal is untimely and, therefore, we quash this appeal.[5]

_____

[4] ***See*** 1 Pa.C.S. § 1908 ("Computation of time").

[5] Even if the appeal had been timely, the record reveals Rolle's issues are waived for several reasons.  First, Rolle failed to file a timely Pa.R.A.P. 1925(b) statement.  ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph(b)(4) are waived.").  The trial court's order directing Rolle to file a Rule 1925(b) statement was entered on the docket on March 30, 2017, and mailed to Rolle that same day.  Specifically, the court directed Rolle to file his concise statement within 21 days of the entry of the order.  Rolle's concise statement was due no later than April 20, 2017, but was not filed until April 24, 2017.  Consequently, we would conclude Rolle waived review of his claims.

Second, Rolle has failed to request any transcripts for inclusion in the certified record.  "When the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review."  ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007).  Here, the trial court opined:  "Although Pa.R.A.P. 1911 requires it, [Rolle] thus far, has not taken any steps to have transcribed the notes of testimony from the summary appeal hearing."  Trial Court Opinion, 5/26/2017, at 1-2.  Our review of the certified record confirms the absence of the transcript necessary for our review.  Therefore, we would find Rolle's claims are waived.

Finally, the issues set forth in Rolle's brief are complaints against the trooper, the prosecutor, and the trial judge, without any citation to the record

Appeal quashed.

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2018

---

and relevant legal authority. Where an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief, appellant's claims are subject to waiver. ***See Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). Therefore, we would find Rolle's claims waived on this basis.

- 4 -