J-S58039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                    :
:
:
EUGENE MYRON PRATT, II      :
:
Appellant      :   No. 814 WDA 2019

Appeal from the Judgment of Sentence Entered May 3, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001372-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:           **FILED DECEMBER 19, 2019**

Appellant, Eugene Myron Pratt, II, appeals from the May 3, 2019 Judgment of Sentence entered in the Court of Common Pleas of Fayette County following his conviction for Providing False Identification to Law Enforcement Authorities, Resisting Arrest, Use or Possession of Drug Paraphernalia, and Disorderly Conduct.[1] He challenges the sufficiency of evidence. After careful review, we affirm.

We glean the following factual and procedural history from the certified record. On April 19, 2017, Corporal Jeremy Schult of the Uniontown Police Department encountered Appellant and advised him that he was investigating a criminal matter in which he matched the description of the perpetrator.

_____

[1] 18 Pa.C.S. § 4914(a); 18 Pa.C.S. § 5104; 35 Pa.C.S. § 780-113(a)(32); and 18 Pa.C.S. § 5503(a)(4), respectively.

Corporal Schult then asked Appellant for identification. Appellant informed him that he did not have his identification on him, but identified himself as "William Pratt", with a birthdate of January 15, 1992. After Corporal Schult verified that there was such a person, he thanked Appellant and told him he was free to leave.

However, Corporal Schult remembered that typical protocol requires him to ask for a social security number if an individual does not possess photo identification. When he then asked Appellant for his social security number, Appellant responded that he did not know his social security number, which caused Corporal Schult to become suspicious. Corporal Schult then asked Appellant if he had his wallet with him. Appellant responded no.

However, Corporal Schult observed a wallet-like bulge in Appellant's back pocket, so he grabbed Appellant's hands and informed him that he was being detained. Appellant struggled and began to run from Corporal Schult. Corporal Schult tackled him and restrained him on the ground until additional law enforcement arrived.

After additional law enforcement arrived, Corporal Schult was able to handcuff Appellant and retrieved his wallet, which contained a driver's license identifying Appellant as "Eugene M. Pratt", with a birthdate of June 23, 1982. In a search incident to his arrest, Corporal Schult found a metal tube with burn marks and a Chore Boy copper wire in Appellant's sock—items used to smoke and inhale crack cocaine.

After a two day trial, on April 3, 2018, a jury convicted Appellant *in abstentia* of the above crimes.[2] On May 3, 2018, the court sentenced Appellant to an aggregate term of six to twenty four months of incarceration. Appellant did not file any post-sentence motions.

This timely appealed followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "[w]hether the Commonwealth has proven each and every element of the crimes of False Identification, Resisting Arrest, Possession of Drug Paraph[er]nalia and Disorderly Conduct beyond a reasonable doubt." Appellant's Br. at 8.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "Citations to authorities must articulate the principals for which they are cited." **Id.** (citing Pa.R.A.P. 2119(b)). "This Court will not act as counsel

---

[2] Appellant left the courthouse during lunch recess on the first day of trial and never returned. His counsel could not reach him. The court postponed sentencing until Appellant was found.

and will not develop arguments on behalf of an appellant." *Id.* (citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that the appellant waived his issue on appeal for failing to support his claim with relevant citations to case law and the record). *See also In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding waiver where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority).

Appellant contends that the crimes of False Identification to Law Enforcement Authorities, Resisting Arrest, Use or Possession of Drug Paraphernalia, and Disorderly Conduct require proof of "criminal intent." Appellant's Br. at 16. He asserts that "[i]t is clear from the testimony that it was not [his] intent to commit the above-mentioned crimes." *Id.* Thus, he argues that the Commonwealth did not prove beyond a reasonable doubt that he was guilty of the above crimes. *Id.*

Appellant's challenge to the sufficiency of evidence is significantly underdeveloped. Appellant sets forth the standard of review for a sufficiency of evidence challenge with citation to boilerplate law. Nonetheless, he fails to cite or discuss the statutes defining the elements of the crimes and fails to cite to the record before he summarily concludes that the Commonwealth failed to "prove beyond a reasonable doubt that Appellant was guilty of crimes charged or disprove [sic] the defenses of Justification." Appellant's Br. at 16. Appellant's omissions and his failure to develop this issue not only violate our

briefing requirements set forth in Pa.R.A.P. 2119(a)-(e), but also preclude this Court's meaningful review. ***Gould***, 912 A.2d at 873. Accordingly, we are constrained to conclude that Appellant's challenge to the sufficiency of evidence is waived.[3] ***See Hardy***, 918 A.2d at 771; ***Gould***, 912 A.2d at 873; ***In re R.D.***, 44 A.3d at 674.

Judgement of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2019

---

[3] To the extent Appellant is also raising a weight of evidence challenge, ***see*** Appellant's Br. at 11, 14-15, Appellant has waived this challenge by failing to raise it in a post-sentence motion or his Pa.R.A.P. 1925(b) Statement. ***Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa. Super. 2013); Pa.R.Crim.P. 607.