J-A03031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
           v.                              :
                                          :
                                          :
JONATHAN E JOSEPH PERLBERG     :
                                          :
           Appellant               :      No. 890 MDA 2019

Appeal from the Judgment of Sentence Entered April 30, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-SA-0000025-2019

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:       **FILED: DECEMBER 31, 2019**

Appellant, Jonathan E. Joseph Perlberg, appeals *pro se* from the April 30, 2019 Judgment of Sentence following his conviction of Operating a Vehicle Without a Valid Inspection.[1] After careful review, we affirm Appellant's Judgment of Sentence.[2]

Briefly, on January 17, 2019, the magistrate convicted Appellant in *absentia* of the above crime. Appellant appealed from his summary conviction, and on April 30, 2019, appeared *pro se* for a summary appeal hearing, at which he did not dispute that he had, on November 16, 2018, been driving a vehicle whose inspection expired on October 31, 2017. The court,

_____

[1] 75 Pa.C.S. § 4703(a).

[2] On December 20, 2019, Appellant filed an Application for Continuance of oral argument. In light of our disposition of this appeal, we deny Appellant's Application as moot.

therefore, convicted Appellant of Operating a Vehicle Without a Valid Inspection and imposed a sentence of $25.00, fines, and costs. This timely appeal followed.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "Citations to authorities must articulate the principals for which they are cited." **Id.** (citing Pa.R.A.P. 2119(b)).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). **See Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005) (stating that a *pro se* litigant must "assume the risk that [his] lack of expertise and legal training will prove [his] undoing."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived.

- 2 -

***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding the issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

Pa.R.A.P. 2111(a) specifies matters that must be included in an appellate brief under separate and distinct titled sections provided in a particular order. Appellant's Brief is lacking nearly all of them. He does not include a statement of jurisdiction, order or other determination in question, statement of the scope and standard of review, statement of the questions involved, summary of the argument, argument, citation to controlling authority, or a short conclusion stating the precise relief sought. ***See*** Pa.R.A.P. 2111(a)(1)-(9). Appellant also failed to annex a copy of his Pa.R.A.P. 1925(b) statement of errors complained of on appeal as required. Pa.R.A.P. 2111(a)(11). Instead, Appellant's appellate Brief consists only of a recitation of his version of events as they transpired in the trial court.

Appellant's omissions and his failure to develop any issues not only violates our briefing requirements set forth in Pa.R.A.P. 2119(a)-(e), but also

precludes this Court's meaningful review. *Gould*, 912 A.2d at 873. Accordingly, Appellant has waived any issues he sought to raise on appeal.[3]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019

---

[3] Moreover, this Court's review of Appellant's court ordered Pa.R.A.P. 1925(b) Statement indicates that Appellant failed to properly preserve any issues therein. Like Appellant's Brief, the Statement consists only of Appellant's recitation of his perception of the underlying facts and does not raise any cognizable appellate issues. Thus, for this reason too, Appellant has waived appellate review. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").