J-A07010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA; BRANCH TOWNSHIP | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ROBERT J. JONES | : : | |
| Appellant | : : | No. 1068 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 29, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-SA-0000003-2019

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED: APRIL 13, 2020**

Appellant, Robert J. Jones, appeals *pro se* from the judgment of sentence entered on May 29, 2019, following his bench trial *de novo* appeal before the Court of Common pleas of Schuylkill County for failing to remove rubbish from the exterior of his residential property in violation of a local ordinance.[1] Upon review, we dismiss the appeal.

We briefly summarize the facts and procedural history of this case as follows. The Commonwealth cited Appellant with purported local code violations for having an accumulation of rubbish or garbage on his residential

---

[1] Branch Township Ordinance No. 1-212, Section 307.1 pursuant to Section 1517 of the Second Class Township Code, 53 P.S. Section 65101 (governing the condition and maintenance of all property building structures in the Township).

property.[2]  The magisterial district court found Appellant to be in violation of Section 307.1 and ordered him to pay $340.72 in fines and costs.  Appellant appealed *pro se* to the Court of Common Pleas of Schuylkill County for a *de novo* hearing.  Following two days of testimony, the trial court affirmed the magisterial district court decision by order entered on May 29, 2019.  This timely *pro se* appeal resulted.[3]

Upon review, we dismiss Appellant's appeal for failing to substantially comply with our rules of appellate procedure.  We have previously determined:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006).
>
> The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. **Id.**; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. **Gould**, 912 A.2d at 873. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. **Id.**; Pa.R.A.P. 2101.

---

[2]  Appellant was also cited for storing motor vehicles on the property under Section 302.8 of the local ordinance.  However, he abated that problem and that offense is not at issue herein.

[3]  Appellant and the trial court complied with Pa.R.A.P. 1925.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 26, 2019.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–252 (Pa. Super. 2003) (citation omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Id.*

Here, aside from affixing a copy of the local ordinance at issue to his appellate brief, Appellant has not provided this Court with any pertinent legal discussion regarding the issue(s) he purports to appeal. Furthermore, Appellant failed to set forth a statement of questions presented section of his brief and instead presents a stream of conscious presentation of four issues he deems worthy of review. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority); *see also* Pa.R.A.P. 2116(a) (explaining statement of questions involved must state concisely issues to be resolved); *see also Commonwealth v. Maris*, 629 A.2d 1014 (Pa. Super. 1993) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Appellant also fails to include our scope of review in his appellate brief. *See* Pa.R.A.P. 2111(a)(3). Based upon the foregoing deficiencies,

Appellant's appellate brief precludes meaningful review and, thus, we dismiss the appeal.[4]

Appeal dismissed. Jurisdiction relinquished.

Judge Dubow joins.

Judge McLaughlin concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2020

---

[4] The trial court discerned that Appellant's chief complaint was that the compliance officer did not specifically inform Appellant of what specific items required removal from the property. *See* Trial Court Opinion, 8/26/2019, at 4. Ultimately, the trial court determined that Appellant admitted that he had not removed items of rubbish, but had merely moved items to other locations on the property to hide them from view. *Id.* at 6. Upon review of photographs taken after Appellant's purported remedial efforts, the trial court determined that the "various combustible and noncombustible waste materials such as wood, rubber, tin cans, metals, mineral matter and other similar materials" were so pervasive that "[t]o have the [o]fficer complete an itemization of the rubbish to be removed by Appellant [was] not warranted." *Id.* at 7. Although we dismiss this appeal, we would otherwise affirm the trial court's opinion, as it did not err as a matter of law in affirming the magisterial district court's decision. ***See Slice of Life, LLC v. Hamilton Township Zoning Hearing Board***, 207 A.3d 886, 898 (Pa. 2019) ("Interpretation of the language of an ordinance presents a question of law for which the standard of review is *de novo* and the scope of review is plenary.")

- 4 -