J-S21036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :

         v.                             :
                                :
                                :

ISIAH COLBERT                   :
                                :

          Appellant           :          No. 1466 WDA 2019

Appeal from the PCRA Order Entered August 27, 2019
in the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001487-2016

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 21, 2020**

Isiah Colbert ("Colbert") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the facts underlying the instant appeal as follows:

> In the early morning hours of February 27, 2016, [] Colbert and a co-defendant, Bobbi Jo Mack [("Mack") (collectively, "the defendants")], were out drinking in Uniontown.  The victim was at the same bar as the [] defendants, celebrating her 19th birthday. Between midnight and 1:30 [a.m.], the victim went to the Frick Tri County Credit Union to withdraw money from an ATM.  [The defendants] attacked the victim at the ATM.  [] Colbert hit the victim in her face and knocked her to the ground.  [] Mack then came over and began kicking and hitting the victim.  The defendants took the $250 that the victim had just withdrawn from the ATM, [and] then had the victim withdraw $100 more from the ATM.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[The defendants] then took the victim to the vehicle they were using and put her in the car. The defendants drove to a PNC [Bank] ATM, where they had the victim withdraw another $120. The defendants then drove the victim to another PNC [Bank] ATM, where they had her withdraw another $20. The defendants then walked the victim back to the car and put her in the trunk.

[The defendants] then drove the victim to the Coolspring Ballfield in North Union Township. The defendants then beat the victim, and [] Colbert took the victim into the woods, where her shoes, driver's license, wallet, ATM receipts, and other personal items were later found. The victim was then left there.

The victim laid there for two hours, severely beaten, wearing only leggings, a t-shirt, and a sweater, before getting up and walking to a house in Jumonville. It was 23 degrees Fahrenheit outside. The homeowners took the victim inside and called 911. The victim was transported to [the hospital.] She suffered two subdural hematomas, a traumatic hematoma of the face, and a broken back. She also had cuts and bruises all over her body. [Evidence of a sexual assault also was found.]

At the guilty plea proceedings, [] Colbert disputed some of the facts asserted by the Commonwealth—he claimed he did not put the victim in the trunk—but he did not dispute that the Commonwealth could present evidence and witnesses to testify to those facts. [] Colbert then pleaded guilty to attempted homicide, aggravated assault, kidnapping, robbery, criminal conspiracy, sexual assault, unlawful restraint, theft by unlawful taking, and simple assault. On April 26, 2017, [] Colbert was sentenced to a period of incarceration of 27½ to 55 years. [Colbert did not file a direct appeal of his judgment of sentence.]

On August 7, 2018, [] Colbert filed a *pro se* Petition for Post-Conviction Relief. [Counsel] was appointed to represent [] Colbert[,] [who] filed an Amended PCRA Petition on March 25, 2019. A hearing on the Amended Petition was held on June 24, 2019.

PCRA Court Opinion, 8/27/19, at 1-3 (some capitalization omitted). After a

hearing, the PCRA court subsequently denied Colbert's PCRA Petition. Colbert

timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b)

Concise Statement of matters complained of on appeal.

Colbert presents the following claim for our review:

Whether the evidence presented at the [PCRA] hearing warranted the denial of post-conviction collateral relief, even though the evidence showed that [Colbert] was induced to plead guilty to the respective charges, and [Colbert] was innocent of the charges of attempted homicide, aggravated assault, [] sexual assault, and the related conspiracy charges?[2]

Brief for Appellant at 7 (footnote added).

As our Supreme Court has explained,

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations

omitted).

Colbert claims that his plea was unlawfully induced, "because [c]ounsel

would withdraw from his case unless he pleaded guilty." Brief for Appellant

at 20. Colbert states that at the plea hearing, multiple disputes arose between

---

[2] ***See*** 18 Pa.C.S.A. §§ 901, 2702, 3122.1, 903.

him and his counsel on how to approach the case. *Id.* Colbert informed his counsel that he had passed out after the events at the third ATM. *Id.* Colbert asserts that his memory was impaired because he had been drinking hard liquor for a three-day "binge," and was taking Xanax. *Id.* at 21. According to Colbert, "[t]his was not pursued as his defense, and there seemed to be a huge disconnect between [Colbert] and [c]ounsel as to whether or not he 'blacked out' or 'passed out' after the third ATM." *Id.* at 20.

Colbert further contends that at the plea hearing, "there appeared to be issues relative to whether or not the plea was voluntary, knowingly and intelligently entered." *Id.* at 20-21. Colbert argues that he was induced to plead guilty by plea counsel's threat to withdraw from representation. *Id.* at 20. Further, Colbert argues that he was taking medications and had smoked marijuana prior to the plea hearing. *Id.* at 21. According to Colbert, he denied placing the victim in the trunk of the vehicle and did not sexually assault the victim. *Id.*

Colbert concedes that he assaulted and robbed the victim. *Id.* However, he "ardently contends that he passed out after the events at the third ATM." *Id.* However, because he does not remember the subsequent events, Colbert claims that he could not be guilty of attempted homicide, aggravated assault, sexual assault, and the related conspiracy charges. *Id.* at 21-22.

Initially, we observe that Colbert's appellate brief includes no citations to the Notes of Testimony or certified record in support of his claim.

> The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. **See** Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. **Commonwealth v. Mulholland**, … 702 A.2d 1027, 1034 n.5 (Pa. 1997). Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006)….

**Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014). Notwithstanding, we decline to deem Colbert's claim waived.

In its Opinion, the PCRA court addressed Colbert's claim and concluded that Colbert is not entitled to PCRA relief. **See** PCRA Court Opinion, 8/27/19, at 4-9. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis with regard to Colbert's claim.[3] **See id.**

Order affirmed.

---

[3] We emphasize the PCRA court's determination that Colbert's PCRA Petition is facially untimely. PCRA Court Opinion, 8/27/19, at 5-6. Notwithstanding, we agree with the PCRA court determination that, even if Colbert had timely filed his Petition, he is not entitled to relief. **See id.** at 6-9.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2020