J-S24012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEDAR WRIGHT | : | |
| | : | |
| Appellant | : | No. 62 WDA 2021 |

Appeal from the PCRA Order Entered December 16, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003085-2014

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: NOVEMBER 29, 2021**

Appellant, Kedar Wright, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). Appellant alleges ineffective assistance of appellate counsel ("IAC") for failure to challenge the weight and sufficiency of the Commonwealth's evidence on direct appeal. After careful review, we conclude that Appellant has waived all issues for our review and, therefore, we affirm.

On November 25, 2015, the trial court convicted Appellant at a bench trial of 40 counts of Child Pornography and one count of Possession of an Instrument of Crime. On February 29, 2016, the court sentenced Appellant to an aggregate term of 3½ to 17 years' incarceration. Appellant did not initially file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

After the court reinstated his appeal rights *nunc pro tunc*, Appellant timely appealed his Judgment of Sentence, raising a single challenge to the discretionary aspects of his sentence. This Court affirmed Appellant's Judgment of Sentence, and, on September 19, 2018, our Supreme Court denied allowance of appeal. **Commonwealth v. Wright**, 188 A.3d 576 (Pa. Super. filed Mar. 27, 2018) (non-precedential decision), *appeal denied* 194 A.3d 561 (Pa. 2018).

On October 24, 2019, Appellant filed a *pro se* PCRA petition, followed by a counseled amended petition on January 13, 2020, alleging IAC for failure to raise challenges to the weight and sufficiency of the Commonwealth's evidence on direct appeal.

The PCRA court held an evidentiary hearing on Appellant's petition on September 18, 2020. Appellant and his appellate counsel testified. Relevant to the instant appeal, counsel testified that he did not raise weight or sufficiency challenges on direct appeal because he believed those claims to be meritless. N.T. Hearing, 9/18/20, at 37.

On December 16, 2020, the PCRA court dismissed Appellant's petition. It reasoned that Appellant failed to prove that his underlying claim was arguably meritorious, as the Commonwealth adduced more than sufficient evidence at trial to convict Appellant of the crimes charged, and the evidence was not tenuous, vague, or uncertain. **See** Trial Ct. Op., 12/16/20, at 15-20.

Appellant timely filed a Notice of Appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

Appellant raises the following issue for our review:

The [t]rial [c]ourt erred in failing to grant [Appellant's] petition for post-conviction relief where he asserts that trial counsel was ineffective in failing to raise issues of either the weight or sufficiency of the evidence at trial in his appeal filed on behalf of [Appellant].

Appellant's Br. at 1.[1]

In his brief, Appellant argues that counsel provided ineffective assistance by failing to file an **Anders**[2] brief raising weight and sufficiency challenges on direct appeal.[3] **Id.** at 7-8. Although Appellant acknowledges that counsel did not raise these claims because counsel believed they were without merit and frivolous, Appellant contends that counsel should have filed an **Anders** brief so that this Court could have conducted an independent review to determine whether counsel's assessment was correct. **Id.** at 5, 7-8. Appellant does not argue the merit of his underlying weight or sufficiency claims, only that counsel should have raised the claims in an **Anders** brief.

Before considering the merits of Appellant's claim, we must first determine if he has preserved the issue for our review. It is axiomatic that

_____

[1] "We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 209 A.3d 992, 996 (Pa. Super. 2019) (citation omitted).

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] Appellant testified at his PCRA hearing, and reiterates in his brief, that he asked counsel to raise these claims on direct appeal. N.T., 9/18/20, at 13, 15; Appellant's Br. at 3-4.

issues not included in a Rule 1925(b) Statement are waived. Pa.R.A.P. 1925(b)(4)(vii).

In his Rule 1925(b) Statement, Appellant only challenged the PCRA court's finding that the sufficiency claim underlying his IAC assertion lacked merit. *See* Rule 1925(b) Statement, 4/19/21, at ¶ (3)(a). He did not raise and preserve any challenge to counsel's failure to file an *Anders* brief. As a result, Appellant has waived our consideration of this argument.[4]

Further, by focusing solely on counsel's failure to file an *Anders* brief, Appellant does not actually address in his brief the PCRA court's conclusion that the underlying sufficiency claim lacked merit. Our rules of appellate procedure require that an appellant present an argument addressing the lower court's decision underlying his appeal and support his argument with "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When an appellant fails to do so, this Court "will not become the counsel for an appellant, and will not, therefore, consider [the] issue[.]" *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (internal citation and quotation marks omitted). *See also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and

---

[4] Appellant likewise did not raise this issue in his Question Presented, further precluding our review. *See* Pa.R.A.P. 2116(a) (stating that we will not consider any question "unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Additionally, Appellant failed to raise in his Rule 1925(b) Statement, and has therefore waived, any challenge to the PCRA court's finding that the weight claim underlying his IAC assertion lacked merit.

will not develop arguments on behalf of an appellant." (citation omitted));
Pa.R.A.P. 2101 ("if the defects are in the brief [] of the appellant and are
substantial, the appeal or other matter may be quashed or dismissed.").

Appellant's failure to develop any legal argument to support his claim
that counsel was ineffective for failing to challenge the sufficiency of the
Commonwealth's evidence on direct appeal precludes our ability to consider
the issue. As a result, we conclude that Appellant has waived this claim.

Accordingly, we affirm the PCRA court's Order dismissing Appellant's
petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021