J-S40031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KRISTEN K. MILLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN G. SCHWARTZ | : | |
| | : | |
| Appellee | : | |
| | : | |
| HARRY G. MILLER AND VICKI L. | : | |
| MILLER, | : | |
| | | |
| Intervenors | | No. 1873 EDA 2022 |

Appeal from the Order Entered July 1, 2022
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2017-FC-1100

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:            **FILED MARCH 13, 2023**

Appellant, Kristen K. Miller ("Mother"), appeals from the order entered in the Lehigh County Court of Common Pleas, which awarded Appellee, John G. Schwartz ("Father") sole legal custody and primary physical custody of the parties' minor Child, G.M. ("Child"). For the following reasons, we dismiss the appeal.

The relevant facts and procedural history of this case are as follows. Child was born in May of 2016. From Child's birth until 2017, Mother resided with her parents, Vicki L. Miller ("Maternal Grandmother") and Harry G. Miller ("Maternal Grandfather") (collectively, "Maternal Grandparents"). Father resides in a house across the street from Maternal Grandparents. All parties

have been actively involved in Child's care and well-being. In 2017, Mother was admitted to Belmont Behavioral Health Hospital and subsequently spent time at a rehabilitative facility to address her mental health and substance abuse issues. At the time, the court had awarded Maternal Grandparents primary physical custody of Child as agreed to by all parties. The court awarded Father and Mother partial physical custody. During this time, Child would stay at Father's house from Thursday evening to Sunday evening every other week and Father would spend time with Child in the evenings on the other days of the week.

After Mother returned to Maternal Grandparents' house, the court entered an order on February 16, 2021, granting Mother primary physical custody of Child as agreed to by all parties. The court granted Father partial physical custody, maintaining the same schedule as before.

Mother removed Child from Maternal Grandparents' residence in November of 2021 and was accepted into the Turning Point Domestic Violence Shelter. Mother resided at the shelter with Child until February of 2022, when she was asked to leave. Mother and Child have since been staying in various hotels.

On November 17, 2021, after Mother had removed Child from Maternal Grandparents' home, Maternal Grandparents filed a petition for modification of custody. On November 19, 2021, Mother filed a petition for contempt against Father. Mother also filed a petition for modification of custody on

December 8, 2021. On January 6, 2022, Father filed an answer with counterclaim to Mother's petition for contempt. All parties sought sole legal custody and primary physical custody of Child.

The court held a custody trial on June 30, 2022 and July 1, 2022. Mother represented herself and raised allegations of abuse by Maternal Grandfather and Father against herself and Child. A caseworker from the Lehigh County Children and Youth Services testified that Mother's allegations have been investigated and determined to be unfounded. Mother also filed several petitions for protection from abuse orders against Father, which the court denied. Maternal Grandparents and Father testified consistently that neither Father nor Maternal Grandfather have been abusive towards Mother or Child, and Mother suffers from mental health and substance abuse issues.

At the conclusion of the evidence, the court entered a custody order granting Father sole legal custody and primary physical custody of Child. The court granted Mother supervised visitation with Child at Father's discretion. Mother filed a timely *pro se* notice of appeal on July 29, 2022.[1] Mother filed a concise statement of errors complained of on appeal on August 16, 2022.[2]

---

[1] Mother inadvertently filed her notice of appeal in our Supreme Court. Our Supreme Court transferred the matter to this Court on August 3, 2022.

[2] In children's fast track cases such as this one, the concise statement of errors shall be filed and served contemporaneously with the notice of appeal. **See** Pa.R.A.P. 1925(a)(2)(i). Based on our disposition of this appeal, we need not address this non-compliance any further.

Mother raises the following issues for our review:

> [Have Mother's] constitutional rights been violated under the Fourteenth Amendment and denial of due process from the proceedings of record of 2017-FC-1100?
>
> Did trial court err under "the great weight of evidence" standard of fact and abuse of discretion carrying competent, material, and substantial evidence that clearly did not preponderate in the opposite direction in the determination of the best welfare of the child codified at [2]3 P.S. § 5328.
>
> Did the trial court err in its act of discretion and fact finding to not consider factor 11 of the proximity of the residences of the parties and the subject history of domestic violence to not risk the health and safety of Mother and Child?
>
> Did the trial court err as a matter of law or discretion in its exclusion of evidence when it did not allow [Mother's] exhibit of emails written by Mother as proof first indicated by [M]aternal [G]randparents on pre-trial facts statement to substantiate their claims of my instability?
>
> As well as err in providing Mother's proof to factor 13 of the best welfare of child [2]3 P.S. § 5328 which its exclusion led to clear error and trial court bias in which parties are unable to cooperate and communicate solely blaming Mother for conflict?
>
> Did the trial court err in fact and clear legal error when it failed to consider or call out the past felony charges § 13(a)(1) (P.L. 233, No.64) of drug manufacturing with intent to deliver, organized crime, conspiracy ... or past substance use of Father but specifies clearly that he is a credible and safer parent suited for child custody and I am not.
>
> Did the trial court err in discretion and law in not finding it suitable to question if not qualify on the issues of domestic violence as well as mental health and substance use of any party involving the custody and welfare of a child?
>
> Did the trial court [commit] both procedural and legal error when specifying supervised visitation "with the child at such

times, for such periods, and with such supervision as Father may agree" without regard to the domestic violence and risks clearly stated in Mother's prior proceedings leaving highly vulnerable the welfare of Mother and Child when giving Father complete control that effects all aspects of the best interests of the child?

Did the trial court err in not considering both defendant and intervenors both seeking full primary and legal custody of the child not showing an act of abuse of process?

(Mother's Brief at 2-6).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a)    General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities."  **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted).  "This Court will not act as counsel and will not develop arguments

on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review). Further:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Id.* at 252. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing. *Commonwealth v. Rivera*, 685 A.2d 1011 ([Pa.Super.] 1996).

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (quoting *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005)).

Instantly, there are significant defects in the argument section of Mother's brief. Mother's argument section consists of only one page and fails to address any of Mother's issues on appeal. Instead, Mother makes bald, conclusory statements that the court's decision was not in Child's best interests without providing any explanation as to how the court erred. Mother

fails to even mention the issues raised on appeal and provides no insight into the specifics of her claims. Additionally, Mother fails to cite to the record or any relevant authority to support her claims. The deficiencies in Mother's brief render it impossible for this Court to understand and evaluate Mother's issues on appeal. *See In re R.D., supra*; *Gould, supra*. Accordingly, Mother's gross deviations from our rules of appellate procedure preclude meaningful review and constitute sufficient grounds to dismiss the appeal. *See* Pa.R.A.P. 2101; *In re Ullman, supra* (holding substantial deficiencies in appellant's brief warrant preclusion of judicial review). Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023

- 7 -