COMMONWEALTH of Pennsylvania

v.

Dale GOULD, Appellant.

Superior Court of Pennsylvania.

Submitted July 3, 2006.

Filed Dec. 1, 2006.

Due to the fact this question is not directly at issue, we will not propose a resolution should it arise.

Dianne H. Zerega, Uniontown, for appellant.

Nancy Vernon, Asst. Dist. Atty., Uniontown, for Com., appellee.

BEFORE: STEVENS, MUSMANNO and PANELLA, JJ.

OPINION BY PANELLA, J.

¶ 1 Appellant, Dale Gould, appeals from the judgment of sentence entered on January 24, 2006, by the Honorable Conrad B. Capuzzi, P.J., Court of Common Pleas of Fayette County. After careful review, we affirm.

¶ 2 On September 8, 2004, Gould's grandson, Michael Gibbs, a confidential informant, accompanied undercover police officer Daniel Strabinsky to Gould's apartment where he resided with co-defendant Jane Gould. Officer Strabinsky told Gould that he was interested in buying some pills, and that he had half the money for the purchase. Gould then instructed Jane Gould to go in the other room and retrieve the pills. When Jane Gould returned, Gould instructed her to count out fifteen pills, after which she placed them in a plastic bag. Officer Strabinsky attempted to hand the money to Gould, but Gould directed Officer Strabinsky to pay Jane Gould. Thereafter, Officer Strabinsky and Gibbs left the residence and returned to the police station with the pills. Test results later revealed that the pills were a Schedule II controlled substance, Oxycontin.

¶ 3 Gould was subsequently charged with delivery of a controlled substance,[1] possession with intent to deliver,[2] possession,[3] and criminal conspiracy.[4] Following a jury trial, Gould was convicted on all charges.[5] Thereafter, the Commonwealth filed notice of its intent to seek the mandatory minimum term of imprisonment. On January 24, 2006, the trial court sentenced Gould to a term of three to six years imprisonment, in addition to fees and costs, in accordance with the mandatory minimum term of imprisonment for offenses involving between two and ten grams of a narcotic drug. *See* 18 PA. CONS.STAT.ANN. § 7508(a)(2)(i).[6] Gould

1. 35 PA.STAT. § 780–113(30).

2. *Id.*

3. 35 PA.STAT. § 780–113(16).

4. 18 PA. CONS.STAT.ANN. § 903.

5. Gould's co-defendant, Jane Gould, was subsequently charged with the same crimes after which, she entered into a general guilty plea agreement and was sentenced on December 29, 2005, to a term of two years probation, along with fees and costs of prosecution.

6. The mandatory minimum sentencing provisions set forth in 18 PA. CONS. STAT.ANN. § 7508(a)(2)(i) state, in pertinent part:

§ 7508. **Drug trafficking sentencing and penalties**
(a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity 18 PA. CONS.STAT.ANN. § 7508(a)(2)(i).
In the case *sub judice,* Gould does not raise a challenge to the mandatory minimum sentencing provisions, which implicate the legality of the sentence imposed. *See Commonwealth v. Leverette,* 911 A.2d 998, ——, 2006 WL 3333733, at *2 (Pa.Super. 2006) (citation omitted). Therefore, we proceed to address

filed a timely post-sentence motion, which was denied by the trial court on February 10, 2006. This timely appeal followed.

¶ 4 On appeal, Gould raises the following two issues for our review:

1. WAS THE SENTENCE IN THIS CASE VINDICTIVE IN LIGHT OF THE SENTENCE RECEIVED BY THE CODEFENDANT?

2. DID THE COMMONWEALTH VIOLATE THE EQUAL PROTECTION CLAUSE OF THE CONSTITUTION WHEN IT FILED A NOTICE OF MANDATORY SENTENCING AGAINST ONLY ONE OF THE CO-DEFENDANTS?

Appellant's Brief, at 6.

■ ¶ 5 We begin by addressing Gould's first issue on appeal, wherein he asserts that the sentence imposed by the trial court was vindictive. This issue amounts to a challenge to the discretionary aspect of his sentence. It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. *See Commonwealth v. McNear*, 852 A.2d 401, 407 (Pa.Super.2004). Our standard of review when an appellant challenges the discretionary aspects of his or her sentence is very narrow; the Court will reverse only where appellant has demonstrated a manifest abuse of discretion by the sentencing judge. *Commonwealth v. Reynolds*, 835 A.2d 720, 732 (Pa.Super.2003). Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. *See* Pa.R.A.P. 2119(f); *see also Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006).

¶ 6 Rule 2119(f) states:

Gould's sentencing challenge as a challenge

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f), 42 Pa. Cons.Stat.Ann.

■ ¶ 7 We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super.2006). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super.2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000)).

¶ 8 In the case *sub judice*, Gould has failed to provide a Rule 2119(f) statement in his brief. The Commonwealth, however, has not objected to this violation. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." *Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa.Super.2005), *appeal denied*, 588 Pa. 774, 906 A.2d 537 (2006). Because the absence of a Rule 2119(f) statement does not significantly hamper our ability to review Gould's claim, we will address his claim on the merits.

■ ¶ 9 When an appellant challenges the discretionary aspects of the sentence imposed, he must present a substantial question as to the appropriateness of the sentence. *See Commonwealth v.*

to the discretionary aspects of his sentence.

*Anderson,* 830 A.2d 1013, 1017 (Pa.Super.2003). "A substantial question exists where the brief sets forth a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough,* 872 A.2d 1244, 1263 (Pa.Super.2005) *(en banc), appeal denied,* 585 Pa. 687, 887 A.2d 1240 (2005).

■ ¶ 10 Preliminarily, we note that "[i]t is well-settled that it is within the sole discretion of the Commonwealth to invoke the mandatory minimum sentence." *See Commonwealth v. Smith,* 444 Pa.Super. 652, 664 A.2d 622, 624 (1995), *appeal denied,* 544 Pa. 683, 679 A.2d 229 (1996). Gould was sentenced pursuant to the mandatory minimum sentencing provisions established by the legislature at 18 PA. CONS. STAT.ANN. § 7508(a)(2)(i). "The sentencing court, therefore, lacked authority to impose a sentence less severe than mandated by the legislature." *See Commonwealth v. Green,* 406 Pa.Super. 120, 593 A.2d 899, 900 (1991).

■ ¶ 11 In the instant case, however, Gould contends that the sentence imposed was "vindictive" under the facts and circumstances of his particular case. While conceding that the sentence was within the statutory minimum, Gould claims that in light of the sentence received by his co-defendant, Jane Gould, Gould's sentence is vindictive and excessive. When a sentence is within the statutory limits, this Court must review each excessiveness claim on a case-by-case basis. *See Commonwealth v. Titus,* 816 A.2d 251, 255 (Pa.Super.2003).

¶ 12 Gould's contention fails to raise a substantial question. Gould's brief neither indicates the provision of the Sentencing Code that the trial court purportedly violated, nor sets forth a violation of a fundamental norm, and therefore Gould does not properly challenge the discretionary aspects of his sentence. Thus, Gould has failed to raise a substantial question that his sentence was vindictive and excessive.

■ ¶ 13 Gould's second issue on appeal raises a claim that the Commonwealth violated the equal protection clause of the Constitution in filing a notice of mandatory sentence against only one co-defendant. However, Gould fails to support this claim with relevant citations to case law and to the record. An appellate brief must provide citations to the record and to any relevant supporting authority. *Commonwealth v. Berry,* 877 A.2d 479, 485 (Pa.Super.2005). The court will not become the counsel for an appellant, "and will not, therefore, consider issues … which are not fully developed in his brief." *Commonwealth v. Drake,* 452 Pa.Super. 315, 681 A.2d 1357, 1360 (1996) (citation omitted). Failing to provide factual background and citation to the record "represent[s] serious deviations from the briefing requirements of the Rules of Appellant Procedure." *See Commonwealth v. Miller,* 721 A.2d 1121, 1124 (Pa.Super.1998). Because such an omission impedes on our ability to address the issue on appeal, an issue that is not properly briefed in this manner is considered waived. *See id.* Accordingly, Gould's claim that the Commonwealth violated the equal protection clause of the Constitution when it only sought sentencing pursuant to the mandatory minimum provisions against one co-defendant is deemed waived.

¶ 14 Judgment of sentence affirmed. Jurisdiction relinquished.