J-A09029-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TALECKI, | : | |
| | : | |
| Appellant | : | No. 2796 EDA 2014 |

Appeal from the Judgment of Sentence August 19, 2014,
Court of Common Pleas, Chester County,
Criminal Division at No. CP-15-SA-0000268-2014

BEFORE: BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 11, 2015**

Robert Talecki ("Talecki") appeals pro se from the judgment of sentence entered on August 19, 2014 by the Court of Common Pleas, Chester County, finding him guilty of five summary traffic offenses. For the reasons set forth herein, we affirm.

A brief summary of the relevant facts and procedural history follows. On January 9, 2014, Christopher McNulty ("McNulty") was driving on the Route 30 bypass in Chester County during rush hour. Talecki merged onto Route 30 and began tailgating McNulty. McNulty testified that Talecki was so close that he could not see Talecki's bumper in his mirror.

Talecki then moved into the right lane behind another vehicle, before passing that vehicle on the right shoulder. Talecki thereafter came across two lanes of traffic and cut in front of McNulty's car, requiring McNulty to

slam on his brakes and go into the grassy median to avoid a collision. After McNulty returned to the road, Talecki slammed on his breaks in an attempt to get McNulty to rear end him. McNulty subsequently called 911.

As McNulty was on the phone with police dispatch, McNulty observed Talecki weave in and out of traffic, changing lanes frequently, in the middle of rush hour traffic. McNulty followed Talecki as he exited Route 30, and came to a stop sign where a gas station was located on the left side of the road. Instead of driving to the next stop sign and turning left into the parking lot, Talecki drove his truck over the cement median to cross the road and enter the gas station's parking lot.

Trooper Jeffrey Smith ("Trooper Smith") of the Pennsylvania State Police received a call from dispatch at approximately 4:45 p.m. By the time Trooper Smith arrived at the gas station Talecki was reported to be at, both Talecki and McNulty were gone. Trooper Smith obtained McNulty's contact information and called him. McNulty gave Trooper Smith Talecki's license plate number and direction of travel. After running Talecki's information in the database, Trooper Smith obtained an address associated with Talecki and went there. Upon arrival, Trooper Smith observed Talecki's truck in the driveway, which matched the tag and description given by McNulty.

Trooper Smith spoke with Talecki, who initially denied being involved in an incident on Route 30. Talecki then informed Trooper Smith that he was driving behind a vehicle that was going 55 miles per hour, which was

too slow, and flashed his lights at him and passed him. While speaking with Talecki, Trooper Smith detected alcohol on his breath and asked Talecki to submit to field sobriety tests. Talecki refused, stating that he had a bad knee. An unidentified police officer arrived at the scene with a breathalyzer. Talecki submitted to being breathalyzed, the results of which indicated a .04 blood alcohol content. Trooper Smith concluded his investigation and issued five traffic citations to Talecki for following too closely, 75 Pa.C.S.A. § 3310(a), disregarding traffic lanes, 75 Pa.C.S.A. § 3309(1), reckless driving, 75 Pa.C.S.A. § 3736(a), careless driving, 75 Pa.C.S.A. § 3714(a), and improper pass on the right – off road, 75 Pa.C.S.A. § 3304(a)(2).

On May 8, 2014, Magisterial Justice John R. Bailey held a hearing and found Talecki guilty on all counts. On June 2, 2014, Talecki filed a notice of appeal from summary criminal conviction to the Chester County Court of Common Pleas. The trial court held a hearing on August 19, 2014 and issued guilty verdicts on all counts.

On September 17, 2014, Talecki filed a timely notice of appeal to this Court. In his concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Talecki alleges the following:

> 1. No physical evidence was presented by the Commonwealth.
>
> 2. Commonwealth's witness, whom [Talecki] has been identified as the perpetrator (sic), has

> substantially changed his testimony from the testimony presented before Magisterial Justice John R. Bailey with no collaboration of any other witness or physical evidence.
>
> 3. The Pennsylvania State Police trooper testifying on behalf of the Commonwealth was not the actual trooper on duty on Route 30 around the time of the alleged incident. Further, he has provided testimony that is hearsay.

**See** Talecki's Concise Statement of Matters Complained of on Appeal.[1]

For his first issue on appeal, Talecki argues that the Commonwealth failed to present physical evidence to support its case. Talecki's Brief at 16. Talecki states that aside from McNulty, there were no other witnesses and no other complaints made to the police. **Id**. at 13. Talecki further asserts that "Given the number of cameras and vehicles on the roadway at the time there should be at least one piece of collaboration." **Id**. at 12-13, 16. In essence, Talecki challenges the weight of the evidence presented at the hearing.

---

[1] On March 13, 2015, this Court issued a memorandum affirming the judgment of sentence after we determined that Talecki failed to provide a transcript of the hearing at which Talecki's guilt was determined, and thus, waived all his issues for our review. **See Commonwealth v. Talecki**, 2796 EDA 2014 (Pa. Super. March 13, 2015) (unpublished memorandum). On March 25, 2015, Talecki filed a motion for reconsideration, claiming that he ordered and paid for the transcript on August 18, 2014, and sent a copy to the Chester County Clerk of Courts. The Clerk of Courts notified this Court that they received the transcripts on December 22, 2014, but mistakenly failed to supplement the record because the record had already been transmitted to this Court in November 2014. We subsequently granted Talecki's motion for reconsideration on April 30, 2015. We now address the merits of Talecki's claims.

After reviewing the record, we conclude that Talecki waived this issue for appellate review. Rule 607 of the Pennsylvania Rules of Criminal Procedure provides that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." Pa.R.Crim.P. 607. "Failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012) (citing **Commonwealth v. Bond**, 985 A.2d 810, 820 (Pa. 2009)). In this case, Talecki did not file a post-sentence motion. Moreover, Talecki did not preserve this issue in an oral or written motion prior to sentencing. Accordingly, this issue is waived and we will not address the merits of Talecki's claim.[2]

For his second issue on appeal, Talecki argues that McNulty "substantially changed his testimony from the testimony [he] presented before Magisterial Justice John R. Bailey." **See** Talecki's 1925(b) Statement.

---

[2] Even if Talecki preserved this issue for appeal, the trial court held, and we agree, that "the Commonwealth was not required to present any physical evidence" and further concluded that "the testamentary evidence introduced by the Commonwealth at trial was sufficient to find [Talecki] guilty of all motor vehicle violations charged." Trial Court Opinion, 10/22/14, at 2. McNulty's testimony, which the trial court accepted as credible, **see** N.T., 8/19/14, at 43-44, established every element of every offense with which Talecki was charged.

- 5 -

Talecki, however, fails to present any argument in his brief to support his assertion. As this Court has held:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ***Id.***; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.***; ***Gould***, 912 A.2d at 873. Accordingly, this issue is waived and we may not review the merits of the claim.

For his third issue on appeal, Talecki presents two arguments claiming that Trooper Smith's testimony at the hearing was improper. First, Talecki claims that Trooper Smith was not the trooper on duty on Route 30 at the time of the alleged incident and did not personally observe the incident. Second, Talecki argues that the trial court erred by allowing Trooper Smith to introduce hearsay testimony during the August 19, 2014 hearing. Talecki's Brief at 16. Talecki argues that Trooper Smith's testimony regarding the breathalyzer results was improper because he did not administer the test and Talecki did not have the opportunity to cross-examine the officer who did administer the test. ***Id.*** at 14. Talecki further

argues that there was no physical evidence or direct testimony as to the test results, and that he was not permitted to review any evidence regarding the test results.[3] *Id.* at 14.

Talecki, however, did not object to the introduction of Trooper Smith's testimony at any point during the hearing, and did not file a motion to strike or motion in limine to preserve this issue for appellate review. It is well established that "[w]ith respect to evidentiary rulings, "Error may not be predicated upon a ruling that admits [] evidence unless … a timely objection, motion to strike[,] or motion *in limine* appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.'" ***Commonwealth v. Parker***, 104 A.3d 17, 28 (Pa. Super. 2014); Pa.R.Evid. 103(a)(1). As a result, we conclude that this issue is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

---

[3] We note that Talecki was never charged with any alcohol related offense. Moreover, the Commonwealth never used Trooper Smith's testimony regarding the breathalyzer test and the results of the test to establish Talecki's guilt of the offenses with which he was charged. Rather, Trooper Smith's testimony simply provided a description of the circumstances of his interaction with Talecki. Thus, it is unclear why Talecki challenged Trooper Smith's testimony in this regard.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2015