J-S14017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH JAMES CROWELL | : | |
| | : | |
| Appellant | : | No. 1092 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 18, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000922-2018

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 09, 2021**

Appellant, Kenneth James Crowell, appeals from the February 18, 2020 Judgment of Sentence of 39 to 146 years of incarceration entered in the Lancaster County Court of Common Pleas following his jury conviction of two counts of Corrupt Organizations;[1] six counts of Trafficking in Individuals;[2] four counts of Involuntary Servitude;[3] and two counts of Promoting Prostitution;[4] and one count each of Criminal Use of a Communication Facility and Criminal

---

[1] 18 Pa.C S. §§ 911(b)(3) and (b)(4).

[2] 18 Pa.C.S. § 3011.

[3] 18 Pa.C.S § 3012.

[4] 18 Pa.C.S. §§ 5902(b)(1) and(b)(4).

Conspiracy.[5]   Appellant challenges an evidentiary ruling made by the trial court.  After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the record, are as follows.  On November 17, 2017, the Commonwealth charged Appellant and his co-defendant, Barry Schiff, with 139 offenses arising from their involvement in a sex trafficking organization, known as "Adriana's Angels." Operating out of various hotel rooms, Appellant and Schiff recruited vulnerable young women in difficult financial circumstances and advertised them on internet websites such as "Backpage" and "Eros" as sex-for-pay workers. Appellant and Schiff retained half of the proceeds generated by the women's sex-work.  To control the women, Appellant and Schiff gave, and then withheld drugs; confiscated the women's identification, phone, and keys; verbally threatened them; and physically assaulted them.  These offenses occurred from 2014 through April 2017.

Appellant's joint trial with Schiff commenced on November 4, 2019. Immediately prior to its commencement, the Commonwealth made an oral motion, pursuant to 18 Pa.C.S. § 3018(a)(1),[6] to exclude admission of "any

---

[5] 18 Pa.C.S. §§ 7512(a) and 903.

[6] Section 3018 precludes admission of a victim's prior sexual conduct with the defendant unless it pertains to the issue of the victim's consent.  Section 3018 requires a defendant who wants to offer evidence of the victim's past sexual conduct to file a written motion and offer of proof at the time of trial.  Section 3018 provides, in relevant part, as follows:

*(Footnote Continued Next Page)*

evidence of specific instances of past sexual conduct of the victims[.] N.T., 11/4/19, at 14. The trial court responded that Section 3018 provides that such evidence is clearly and completely inadmissible except where the evidence is of the victim's past sexual conduct with the defendant and the victim's consent is at issue. *Id.* at 14-15. The court, thus, granted the Commonwealth's Motion, concluding that evidence of specific instances of any victims' past sexual conduct, opinion evidence of any victims' past sexual conduct, and reputation of any victims' past sexual conduct were inadmissible. *Id.* at 15. At the Commonwealth's request, the court confirmed that its ruling extended to preclude any evidence of any of the victim's acts of prostitution,

---

(a) General rule.—Evidence of the following facts or conditions shall not constitute a defense in a prosecution for a violation under this chapter, nor shall the evidence preclude a finding of a violation under this chapter:

(1) Specific instances of past sexual conduct of the victim of human trafficking, opinion evidence of the alleged victim's past sexual conduct and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in a prosecution under this chapter, except evidence of the alleged victim's past sexual conduct with the defendant shall be admissible where consent of the alleged victim is at issue and the evidence is otherwise admissible under the rules of evidence. A defendant who proposes to offer evidence of the alleged victim's past sexual conduct under this paragraph shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence under the standards of this paragraph.

18 Pa.C.S. § 3018(a)(1).

whether they had acted as escorts, and whether they had posted on Backpage, Eros, or any other online advertisement website at any time. *Id.* at 15-16. The court did, however, permit the defense to ask witnesses whether they were aware of the websites Backpage and Eros. *Id.* at 15. Appellant's counsel noted his objection to the court's ruling as it pertained to the preclusion of evidence of the victim's involvement "in an escort service and/or postings and that type of thing and limitation as far as following up on the knowledge of [Backpage] and Eros." *Id.* at 17.

On November 14, 2019, the jury returned a guilty verdict as outlined above. The trial court deferred sentencing pending preparation of a Post-Sentence Investigation ("PSI") Report. On February 18, 2020, the trial court sentenced Appellant following a hearing to an aggregate term of 39 to 146 years' incarceration.

After the denial of his Post-Sentence Motion, Appellant appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the trial court err when it precluded evidence that would have been probative of whether the complainants in this case engaged in their behavior voluntarily?

Appellant's Brief at 4.

Appellant challenges the trial court's evidentiary ruling precluding him from introducing evidence that some of his victims had personally posted advertisements on Backpage and Eros before and after "joining" Appellant's

- 4 -

"business."[7]  ***Id.*** at 7.  He asserts that this evidence was relevant to and probative of his defense that his victims were engaged in the business of prostitution prior to becoming involved in Appellant's prostitution business and joined Appellant in his prostitution business willingly.  ***Id.*** at 7-9.

Without citation to any case law, Appellant also baldly claims that none of the evidence he sought to elicit pertaining to the victims' postings on Backpage or Eros "depicted or involved a sex act or conduct."  ***Id.*** at 9.  Thus, he assails the trial court's conclusion that Section 3018 required its preclusion. ***Id.***

Before we reach the merits of Appellant's claim, we consider whether he has preserved it.  "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted).  ***See*** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Instantly, the argument section of Appellant's Brief contains one citation to boilerplate case law explaining the concept of evidentiary relevance and

---

[7] Appellant specifically asserts that, prior to trial, he "sought permission from the court" to elicit testimony from the victims that they had posted advertisements on Backpage and Eros before and after they joined Appellant's business, but the trial court rejected this request holding that Section 3018 barred it.  Appellant's Brief at 7.  In actuality, the record reflects that the Commonwealth sought to preclude admission of this, and related, evidence. Appellant did not move, in writing with a proffer before or at trial, for admission of this evidence.  Appellant's misrepresentation is, at best, disingenuous.

citation to two of the offenses of which the jury convicted him. It is otherwise devoid of any citation to relevant controlling case law applied and analyzed under the facts of this case, does not include the language or any analysis of the statute pursuant to which the trial court precluded the evidence at issue herein, and contains only scant reference to the record. *See* Appellant's Brief at 7-10.

When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009). *See also In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015) ("This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue."). Failure to include citations to relevant authority constitutes waiver of the issue on appeal. *Johnson*, 985 A.2d at 924. *See also Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and the record); *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally

or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

Because Appellant has failed to develop his argument, we find it waived.

Judgment of Sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2021