J-S04021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KOURY TORRES | : | |
| | : | |
| Appellant | : | No. 2592 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 7, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003469-2020

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                          **FILED JUNE 29, 2023**

Appellant, Koury Torres, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his jury trial convictions of two counts of possession of a controlled substance and one count of possession of drug paraphernalia, and his bench trial conviction of the summary offense of driving without a license.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> Beginning around the end of March 2020, Detective David M. Howells, III, of the Allentown Police Department was conducting a drug investigation involving [Appellant]. Detective Howells was advised by the Lehigh County Department of Adult Probation and Parole that there was an

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(16) and (32); 75 Pa.C.S.A. § 1501(a).

outstanding warrant for [Appellant], but that they would not detain him due to the circumstances surrounding the Covid-19 pandemic. However, as Covid restrictions began to change in the spring, Detective Howells was informed by the Lehigh County Department of Adult Probation and Parole that they would detain Appellant on his active warrant.

On the evening of June 5, 2020, Detective Howells was conducting surveillance at the Super 8 Motel located at 1033 Airport Road, Allentown, Lehigh County, Pennsylvania. At that time, Detective Howells observed [Appellant] wearing a black fanny pack around his chest in the front parking lot of the motel going into and out of a black Jeep Liberty parked in the front lot. To confirm [Appellant's] identity, Detective Howells drove through the parking lot and passed within a few feet of [Appellant].

Detective Howells again confirmed that [Appellant] had an active Lehigh County Probation and Parole warrant, as well as verified that [Appellant] did not possess a valid driver's license. When [Appellant] entered the black Jeep Liberty and drove away from the Super 8 Motel, Detective Howells radioed uniformed officers in marked vehicles and directed them to effectuate a traffic stop of [Appellant]. Detective Howells provided a description of the subject vehicle, as well as related to the other officers that [Appellant] had an outstanding warrant and did not possess a valid driver's license. Detective Howells followed the Jeep Liberty until a marked unit located the vehicle and activated its lights and sirens. Detective Howells was not directly involved in the traffic stop of the vehicle.

At approximately 6:30 P.M., Officer Zachary Wittman of the Allentown Police Department, in full uniform and driving a marked police vehicle, conducted the traffic stop of the subject Jeep Liberty in the area of Bradford Street and American Parkway, Allentown, Lehigh County, Pennsylvania. When Officer Wittman activated the police cruiser's lights and sirens, the driver of the Jeep Liberty pulled off of the road towards the left, which resulted in the vehicle facing north in a southbound lane. The position of the vehicle was blocking a lane of travel, thereby impeding the flow of oncoming traffic on a highly travelled roadway and creating a traffic hazard.

Officer Wittman approached the driver side of the vehicle and made contact with the operator of the Jeep Liberty. Officer Wittman requested that the driver furnish him with an identification card. However, the driver indicated that he did not have any identification on his person. Consequently, Officer Wittman asked for the operator's name. The name that was initially provided could not be confirmed through electronic records, and therefore Officer Wittman reapproached the vehicle and again asked the operator for his name. At this time, the driver provided his actual name, Koury Torres. When Officer Wittman reviewed [Appellant's] name through his vehicle's criminal information system, Officer Wittman confirmed that [Appellant] did not possess a valid driver's license. Consequently, in light of the vehicle blocking traffic and being a hindrance during rush hour, as well as [Appellant's] failure to possess a valid driver's license, it was determined that the vehicle needed to be towed and impounded by A-1 Towing.

While Officer Wittman was verifying [Appellant's] information, Officer Jason Kesack of the Allentown Police Department arrived on scene for assistance. Officer Kesack was aware of Detective Howell's drug investigation involving [Appellant], as well as the fact that he had an outstanding warrant and did not possess a valid driver's license as a result of the radio communications that had been exchanged among him, Officer Wittman, and Detective Howells. When Officer Kesack approached the Jeep Liberty, he observed open containers in the center console of the vehicle and smelled the odor of alcohol emanating from them. Therefore, Officer Kesack asked [Appellant] to exit the vehicle. Officer Kesack handcuffed [Appellant] and placed [Appellant] into custody.

Officer Kesack conducted an inventory search of the vehicle pursuant to the Allentown Police Department Inventory Search Policy. The purpose of the inventory search is to list all valuable items in an effort to secure and safeguard them for the owner. According to the Allentown Police Department Inventory Search Policy, the "inventory includes any containers in the vehicle, the contents of which are not visible from the outside."

As a result of the inventory search of the vehicle, Officer Kesack located two (2) black fanny bags in the back seat of the vehicle. One of the bags contained two (2) knotted bags with powder substances therein, as well as a container that held suspected crack cocaine. Also within the same black fanny bag were two (2) glass smoking pipes and a Brillo pad. The other black fanny bag contained a lock box which held a digital scale with white residue on it, United States currency, and a scooper.

The suspected drugs were sent to the Pennsylvania State Police Bureau of Forensic Services for analysis. An analysis revealed that the drugs located in the Jeep Liberty were 2.21 grams of a heroin/fentanyl mixture, as well as 2.1 grams of cocaine.

When Detective Howells learned that drugs were located within the vehicle, he returned to the scene. [Appellant] was transported to the headquarters of the Allentown Police Department where Detective Howells provided him with his *Miranda*[2] warnings prior to interviewing him with Detective Joseph Graves. In particular, Detective Howells read the *Miranda* warnings to [Appellant] from the Allentown Police Department Rights Warning and Waiver Form. [Appellant] signed the Form at 8:33 P.M. and agreed to speak with Detective Howells and Detective Graves. During the interview, [Appellant] admitted that he both used and sold the drugs located in the vehicle. He also stated that he "cooked up" his own crack cocaine. [Appellant] explained that "cooked up" meant that he would cut the cocaine with another substance in order to maximize his profits.

(Trial Court Opinion, 5/10/21, at 2-6) (paragraph numbering and record citation omitted).

The Commonwealth charged Appellant with possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance,

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

possession of drug paraphernalia, and driving without a license. Appellant filed an omnibus pretrial motion on March 1, 2021, which he amended on March 2, 2021, seeking suppression of the items found during the inventory search and dismissal of the charge of possession with intent to deliver. The court conducted a hearing on the pretrial motion on April 6, 2021, during which the Commonwealth introduced the testimony of Detective Howells, Officer Wittman, and Officer Kesack. On May 10, 2021, the court issued an order denying relief.

After the conclusion of trial on August 18, 2021, the jury found Appellant guilty of two counts of possession of a controlled substance and one count of possession of drug paraphernalia. The jury acquitted Appellant of PWID. The court found Appellant guilty of the summary offense of driving without a license. On October 7, 2021, the court sentenced Appellant to an aggregate term of 22 months to 4 years of incarceration. Appellant filed a timely post sentence motion on October 13, 2021, which the court denied on November 15, 2021. Appellant timely filed a notice of appeal on December 13, 2021, and, in compliance with the court's order, filed his concise statement of errors complained of on appeal.

Appellant raises one issue on appeal:

> Whether the police, in stopping [Appellant's] vehicle, confronting [Appellant], and eventually detaining [Appellant] had a lawful basis for seizing the drug paraphernalia and controlled substances found during an alleged inventory search of [Appellant's] vehicle?

(Appellant's Brief at 5).

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Williams*, 941 A.2d 14, 26 (Pa.Super. 2008) (*en banc*) (internal citations omitted).

> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Id.* at 27. If appellate review of the suppression court's decision "turns on allegations of legal error," then the trial court's legal conclusions are nonbinding on appeal and subject to plenary review. *Commonwealth v. Jones*, 121 A.3d 524, 526-27 (Pa.Super. 2015), *appeal denied*, 635 Pa. 750, 135 A.3d 584 (2016) (citation omitted).

Appellant argues the officers were prohibited from conducting a warrantless search of his vehicle without first articulating sufficient probable cause and exigent circumstances to justify the search. Specifically, Appellant claims that police conducted the search with an improper motive—namely, investigating criminal activity—which cannot form the basis for an inventory search. Appellant insists the search went far beyond that which was necessary for a reasonable inventory search when the police opened fanny packs and a

- 6 -

sealed lockbox. Appellant concludes that the "inventory search exception" to the warrant requirement does not apply under these facts, and the trial court should have granted his motion to suppress. We disagree.

"Both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution guarantee individuals freedom from unreasonable searches and seizures." **Commonwealth v. Heidelberg**, 267 A.3d 492, 502 (Pa.Super. 2021) (*en banc*), *appeal denied*, ___ Pa. ___, 279 A.3d 38 (2022) (citation omitted). "A warrantless search or seizure of evidence is…presumptively unreasonable under the Fourth Amendment and Article I, § 8, subject to a few specifically established, well-delineated exceptions." **Commonwealth v. Luczki**, 212 A.3d 530, 546 (Pa.Super. 2019) (citation and internal quotation marks omitted). These exceptions include "the consent exception, the plain view exception, the inventory search exception, the exigent circumstances exception, the automobile exception, … the stop and frisk exception, and the search incident to arrest exception." **Commonwealth v. Smith**, 285 A.3d 328, 332 (Pa.Super. 2022) (citation omitted).

This Court has explained:

> A warrantless inventory search of an automobile is different from a warrantless investigatory search of the same. An inventory search of an automobile is permitted where: (1) the police have lawfully impounded the automobile; and (2) the police have acted in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle. A warrantless investigatory search of an automobile requires both a

showing of probable cause to search and exigent circumstances.

In determining whether a proper inventory search has occurred, the first inquiry is whether the police have lawfully impounded the automobile, *i.e.*, have lawful custody of the automobile. The authority of the police to impound vehicles derives from the police's reasonable community care-taking functions. Such functions include removing disabled or damaged vehicles from the highway, impounding automobiles which violate parking ordinances...and protecting the community's safety.

The second inquiry is whether the police have conducted a reasonable inventory search. An inventory search is reasonable if it is conducted pursuant to reasonable standard police procedures and in good faith and not for the sole purpose of investigation.

*Commonwealth v. Henley*, 909 A.2d 352, 359 (Pa.Super. 2006) (*en banc*) (internal citations and quotation marks omitted).[3]

Instantly, during a drug investigation, Detective Howells observed Appellant driving a black Jeep. Detective Howells knew that Appellant did not have a valid driver's license and had an active arrest warrant for alleged probation violations. Based on this information, Detective Howells requested that a marked police car initiate a traffic stop. When Officer Whitman activated his lights and sirens to conduct the stop, Appellant drove his vehicle

_____

[3] We note that our Supreme Court has reaffirmed that "the Pennsylvania Constitution requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile." *Commonwealth v. Alexander*, ___ Pa. ___, ___, 243 A.3d 177, 181 (2020). Nevertheless, *Alexander* did not eliminate the inventory search exception to the warrant requirement as applied to automobiles. *See Commonwealth v. Thompson*, 289 A.3d 1104, 1109-10 (Pa.Super. 2023).

into the opposing lane of traffic and stopped his vehicle facing the wrong direction in a manner partially blocking traffic. After the arresting officer confirmed that Appellant did not possess a valid driver's license, and because the vehicle was hindering traffic during rush hour, Officer Whitman determined that the vehicle needed to be towed and impounded. Prior to towing the vehicle, Officer Kesack conducted an inventory search pursuant to the Allentown Police Department Inventory Search Policy, which explains that "the inventory includes any containers in the vehicle, the contents of which are not visible from the outside." (Trial Court Opinion, 5/10/21, at 8).

Under these circumstances, the police lawfully impounded the vehicle because Appellant did not have a valid driver's license and because his vehicle was hindering traffic. **See Thompson, supra** at 1110 (holding that police lawfully impounded vehicle that was impeding flow of traffic). **See also** 75 Pa.C.S.A. § 6309.2(a)(1) (providing that if individual operates motor vehicle without license "the law enforcement officer shall immobilize the vehicle or…direct that the vehicle be towed").[4]

Further, the Allentown Police Department Inventory Search Policy

---

[4] Although Appellant suggests that it was unreasonable for the officers to impound the vehicle without first providing him the opportunity to find an alternative driver, Appellant fails to develop this argument with citations to any supporting authority. Thus, we deem this challenge waived on appeal. **See Commonwealth v. Gould**, 912 A.2d 869 (Pa.Super. 2006) (explaining that this Court will not become counsel for appellant and will not consider issues that are not fully developed in his brief).

provides that every vehicle towed is subject to an inventory which includes any containers where the contents are not visible from the outside. (**See** N.T. Suppression Hearing, 4/6/21, at Com. Ex. C-1, Allentown Police Department Vehicle Inventory Policy, ¶ 4.3.6). Therefore, the inventory search of Appellant's jeep, which included the contents of several containers, complied with the police department standard procedures. **See id.** Based upon the foregoing, the inventory search exception to the warrant requirement applies in this case, and the trial court properly denied Appellant's suppression motion. **See Henley, supra**. **See also Williams, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2023