J-S06003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REBECCA WATKINS-LAUBER | : | |
| | : | |
| Appellant | : | No. 143 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006906-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 28, 2024**

Appellant, Rebecca Watkins-Lauber, appeals from the December 19, 2022 judgment of 7½ to 15 years of incarceration entered in the Philadelphia County Court of Common Pleas following her conviction by a jury of Aggravated Assault and Conspiracy.[1] Appellant challenges the weight and sufficiency of the evidence and the discretionary aspects of her sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On January 27, 2019, Nicole Jameson (the "Victim") was at an after-hours club with some friends when Appellant approached her. Appellant and the Victim proceeded to have an argument about Appellant's husband, Albert Lauber, who was also the Victim's paramour and the father of the Victim's child. A short while later,

---

[1] 18 Pa.C.S. §§ 2702(a) and 903, respectively.

the Victim and her friends were outside the club when Appellant exited the club and began speaking to the Victim. Each time the Victim attempted to leave, Appellant reengaged the Victim, prolonging the conversation. During this entire period, Appellant had her cell phone to her ear.

Ultimately, the Victim and her friends got into a car to leave the club. The Victim sat in the front passenger seat of the car and then became aware of a man, later identified as Joseph Ackerman, leaning on the back of the car, refusing to move. One of the Victim's friends exited the vehicle to ask Mr. Ackerman to move. As the friend was getting back in the car, Mr. Ackerman shot the Victim, who was still sitting in the front passenger seat, in the back of the head.

The police investigation into the shooting revealed that Appellant had been on the phone with Mr. Ackerman before, during, and after the shooting. Video surveillance recordings from the club established that, at some point after the phone calls between Appellant and Mr. Ackerman began, Mr. Ackerman arrived at the club and placed a gun in the driver's side wheel well of a parked car. Upon entering the club, Mr. Ackerman sat next to Appellant at the bar and the two spoke for several minutes. Then Appellant got up from the bar, followed closely by Mr. Ackerman, and spoke briefly with the Victim as the Victim was leaving the club. Mr. Ackerman remained in the club when the Victim and Appellant initially exited it; however, Appellant was on the phone with Mr. Ackerman while Appellant spoke with the Victim outside of the club.

After some time, the video depicted Appellant return inside the club, retrieve Mr. Ackerman and whisper something to him as she ushered him out. The video then captured Mr. Ackerman return to the parked car where he had secreted his firearm and retrieve it, while on the phone with Appellant. Mr. Ackerman then leaned on the trunk of the car in which the Victim was seated. After the car's passenger asked Mr. Ackerman to move, Mr. Ackerman walked up to the front passenger side of the car and fired his gun through the window before running off, his phone still at his ear. Call log evidence established that Appellant had been on the phone with Mr. Ackerman before, during, and after the shooting on a call lasting 10 minutes and 46 seconds.

Appellant and Mr. Ackerman proceeded to a jury trial where, on October 21, 2022, the jury convicted Appellant of Aggravated Assault and Conspiracy.[2] The trial court deferred sentencing pending preparation of pre-sentence investigation ("PSI") and mental health evaluation reports.

On December 19, 2022, the trial court sentenced Appellant to two concurrent terms of 7½ to 15 years of incarceration. Appellant filed a timely post-sentence motion in which she challenged, *inter alia*, the weight of the evidence and the discretionary aspects of her sentence.

On December 30, 2022, the trial court denied Appellant's post-sentence motion.

---

[2] The jury convicted Mr. Ackerman of Attempted Murder, Aggravated Assault, and Firearms Not to be Carried Without a License and acquitted Appellant of Attempted Murder and Firearms Not to be Carried Without a License.

This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether [] Appellant's conviction of Aggravated Assault and Conspiracy to Commit Aggravated Assault are against the weight of the evidence and shocking to one's sense of justice where:

   a. The jury's verdict was based upon speculation and unwarranted assumptions that [] Appellant intended to harm the [V]ictim where there was credible visual evidence from surveillance video that [] Appellant was calm, civil, cordial[,] and respectful toward the victim and where there was evidence that child fathered by [] Appellant's husband had been left in [] Appellant's care by the [V]ictim;

   b. The jury's verdict that [] Appellant conspired to harm the [V]ictim was based upon speculation and unwarranted assumptions where there was no evidence of what was said between [] Appellant over the phone to her alleged conspirator;

   c. The jury's verdict was based upon speculation and unwarranted assumptions that [] Appellant intended to harm the victim where the Commonwealth failed to call two eyewitnesses to the conversations [] Appellant was having with the [V]ictim prior to the assault;

   d. The jury's verdict was based upon speculation and unwarranted assumptions that [] Appellant intended to harm the [V]ictim where contrary to the Commonwealth's assertion there was no video proof that there had been a confrontational incident inside of the bar prior to the assault of the [V]ictim;

   e. The jury's verdict was based upon speculation and unwarranted assumptions where there was no evidence that [] Appellant knew that the co-defendant was armed with a hand gun [*sic*] and that he intended to use it on the [V]ictim; and

f. The jury's verdict failed to give proper weight to []
Appellant's good character for being a law abiding,
peaceful[,] and nonviolent citizen?

2. Whether [] Appellant's conviction for Aggravated Assault and
Conspiracy are based upon insufficient evidence where the
Commonwealth did not establish beyond a reasonable doubt
that [] Appellant conspired to harm the victim:

a. Where there was no evidence introduced about what []
Appellant said to the co-defendant;

b. Where there was no evidence that the conversation
between the [V]ictim and [] Appellant was threatening
and anything other than cordial and respectful; and

c. Where there was not a scintilla of evidence that []
Appellant knew or should have known that the co-
defendant was armed with a hand gun [*sic*] and intended
to use it?

3. Whether the [c]ourt abused its discretion in sentencing when
it sentenced [] Appellant to a significant upward departure from
the suggested guideline sentence without stating sufficient and
credible reasons on the record and where the sentence
imposed is excessive and contrary to the norms underlying the
Sentencing Code and therefore presents a substantial question
that the sentence is appropriate?

4. Whether the [c]ourt abused its discretion at sentencing where
it failed to give the proper weight to the mitigating factors
consisting most notably of:

a. That [] Appellant had never been convicted of any crime;

b. That [] Appellant's crimes were situational in nature and
the result of the peculiar circumstances of the case;

c. That there was an absence of a significant psychiatric
disorder that predicted future violent propensities;

d. That [] Appellant was a product of a relatively stable
upbringing;

e. That [] Appellant had raised children and was in the
process of raising a 10[-]year[-]old child;

f. That [] Appellant had been gainfully employed and was a responsible law[-]abiding citizen; and

g. That the aforesaid presents a substantial question that the sentence is inappropriate because it is contrary to the norms underlying the Sentencing Code?

Appellant's Brief at 6-8.

**A.**

In her first issue, Appellant challenges the weight the jury afforded the Commonwealth's evidence. Appellant's Brief at 16-19. Before we address the merits of this claim, we consider whether Appellant has preserved it for our review.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to and discussion of relevant authority and to the record. Pa.R.A.P 2119(a)-(c). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or

- 6 -

citation to, relevant legal authority regarding an issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

"We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Id.*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

The argument Appellant has presented in support of this claim is woefully underdeveloped. Although Appellant has provided citation to boilerplate authority pertaining to weight of the evidence claims, she has not cited to the notes of testimony nor to any relevant authority in support of her specific allegation of error. Appellant's failure to include this information in her Brief has impeded our ability to conduct meaningful appellate review. To undertake review of Appellant's issue would require us to scour the record and craft an argument on her behalf, which we will not do. This issue is, therefore, waived.

**B.**

In her second issue, Appellant asserts that the Commonwealth presented insufficient evidence to sustain her convictions. Appellant's Brief at

20-21. Following our review, we observe that Appellant has again failed to cite to the notes of testimony, any authority beyond one pertaining to this Court's standard of review applicable to sufficiency of the evidence challenges, has not included the text of the offenses of which the jury convicted her, and has not specified which of the elements of those offenses she alleges the Commonwealth did not prove. These substantial defects have impeded our ability to conduct meaningful appellate review of Appellant's sufficiency challenge. She has, therefore, waived it.

**C.**

Appellant presents her final two issues—challenges to the discretionary aspects of her sentence—in one argument section of her Brief. Appellant's Brief at 21-23. Like the prior issues raised, Appellant's claim that her sentence is excessive is woefully undeveloped. Appellant has once again not cited to any pertinent authority to which she has applied the facts of this case. Moreover, and critically, although she asserts that the court failed to sufficiently justify the upward departure from the Sentencing Guidelines, *id.* at 22, and made "unwarranted assumptions," *id.* at 23, she has not cited to the notes of testimony from the sentencing hearing where the trial court explained its reasons for imposing her sentence. To undertake review of Appellant's issue would require us to scour the record and craft an argument on her behalf, which we will not do. This issue is, therefore, waived.

Judgment of sentence affirmed.

Judges McLaughlin and Sullivan concur in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2024