J-S12014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN HENDERSON | : | |
| | : | |
| Appellant | : | No. 299 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000443-2021

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 20, 2024**

Appellant, Sean Henderson, appeals from the December 16, 2022 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Possession with Intent to Deliver ("PWID"), Possession of a Controlled Substance, Possession of a Firearm Prohibited, Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, and Possession of an Instrument of Crime ("PIC").[1]  Appellant challenges the denial of his motion to suppress evidence, the sufficiency of the evidence in support of each of his convictions, and the discretionary aspects of his sentence.  After careful review, we affirm.

_____

[1] 35 P.S. §§ 780-113(a)(30), and 780-113(a)(16); 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 907(a), respectively.

The relevant facts and procedural history are as follows. On December 9, 2020, Philadelphia Police Officer Eliever Morales and Officer Jones[2] were on patrol in an area of North Philadelphia known to be an open-air drug market. After the officers observed Appellant fanning currency and yelling "rock, rock, rock," which the officers knew was slang for crack cocaine, they decided to conduct a controlled drug buy.

Officers Morales and Jones radioed other narcotics task force members to plan the controlled buy. A third officer, John Mouzon, prepared a criminal informant ("CI") for the controlled buy by first searching the CI for contraband and then handing him $200 in pre-marked bills.

The CI approached Appellant, observed by a fourth officer, Officer Rigoberto Alvarez. Appellant stood near another man similarly dressed in black, later identified as Shahid Pope, but Appellant, who was wearing a red and blue beanie, was at all times distinguishable to the officers. The CI returned to Officer Mouzon with four green vials of crack cocaine he had purchased from Appellant. Officer Mouzon radioed that the controlled buy had been successful. A fifth officer, Officer Lombardi,[3] then arrested Appellant.

Officer Lombardi conducted a search of Appellant incident to arrest and recovered $764 in cash, 99 assorted vials of marijuana and crack cocaine, and

---

[2] Officer Jones's first name does not appear in the record.

[3] Officer Lombardi's first name does not appear in the record.

a .22 caliber revolver. As a result, the Commonwealth charged Appellant with the above crimes.

On March 17, 2021, Appellant filed a motion to suppress the physical evidence recovered by the police arguing that the police lacked reasonable suspicion or probable cause to seize and search Appellant.

The trial court held a hearing on Appellant's suppression motion on April 5, 2022. Officers Morales, Mouzon, and Alvarez[4] testified consistent with the above facts.[5] Following its consideration of the testimony and arguments of counsel, the trial court denied Appellant's motion to suppress. The case proceeded immediately to a bench trial, after which the trial court convicted Appellant of all counts. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation ("PSI") report.

On December 16, 2022, the court held a sentencing hearing at which Appellant presented mitigation evidence. After considering the evidence and arguments, as well as Appellant's PSI report, the trial court sentenced Appellant to an aggregate term of two to four years of incarceration, followed by three years of probation. The court stated on the record that it imposed this sentence so that Appellant could complete a court-imposed drug

_____

[4] Officer Gerald Logan also testified that Officer Lombardi gave him the money recovered from Appellant after his arrest and that Officer Logan found the $20 pre-recorded buy money among the recovered money.

[5] The parties also stipulated to the testimony of Officer Lombardi who was unavailable to testify.

treatment program and to deter Appellant from engaging in drug trafficking in the future.  Appellant did not file a post-sentence motion.

This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

> 1. Whether the suppression court erred by determining that the physical evidence introduced at trial was not obtained in violation of [Appellant's] rights under both the United States Constitution and the Pennsylvania Constitution[?]
>
> 2. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes for which [A]ppellant was convicted[?]
>
> 3. Whether the sentencing court abused it[]s discretion by imposing a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S . [§] 9721 of the Sentencing Code[?]

Appellant's Brief at 8.

## A.

In his first issue, Appellant claims that the trial court erred in denying his motion to suppress physical evidence.  *Id.* at 14-16.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to and relevant authority. Pa.R.A.P 2119(a)-(c).  "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities."  *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (internal

citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

"We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Id.*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

The argument Appellant has presented In support of this claim is woefully underdeveloped. He has not cited to or discussed any controlling authority. Moreover, although Appellant referred repeatedly throughout his argument to the suppression hearing testimony provided by the officers

- 5 -

involved in his arrest, he provided only one citation to the notes of testimony. Appellant's failure to include this information in his Brief has impeded our ability to conduct meaningful appellate review. To undertake review of Appellant's issue would require us to scour the record and craft an argument on his behalf, which we will not do. This issue is, therefore, waived.

**B.**

In his second issue, Appellant asserts that the Commonwealth failed to present sufficient evidence to support "each and every element of the crime" of which the trial court convicted him. Appellant's Brief at 16-17.

Appellant's sufficiency of the evidence claim is, likewise, woefully undeveloped. Appellant has cited only to boilerplate authority, has failed to set forth the elements of each of the six crimes he alleges the Commonwealth failed to prove, and does not cite to or analyze any controlling authority in support of his particular claims. Appellant's failure to develop his issues have hampered this Court's ability to conduct meaningful appellate review. We, thus, conclude that Appellant has waived his sufficiency of evidence claims by failing to develop them in his appellate Brief. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding claim of insufficient evidence for multiple convictions was waived because it was, *inter alia*, underdeveloped, and the appellant failed to argue which specific element of the crime was not met).

**C.**

In his final issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 17-19. Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question for appellate review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797-98 (Pa. Super. 2015).

Our review reveals that, although Appellant filed a timely notice of appeal and included a Rule 2119(f) statement in his Brief to this court, Appellant failed to preserve his discretionary aspects of sentencing claim at sentencing or in a post-sentence motion. We, thus, find this issue waived.

**D.**

In sum, having found each of Appellant's issues waived, we affirm his judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024