J-S20005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH JOHN SHAFFER :
:
Appellant : No. 2648 EDA 2022

Appeal from the PCRA Order Entered September 22, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000042-2006

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED AUGUST 15, 2023**

Appellant, Kenneth John Shaffer, appeals from the September 22, 2022 Order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. After careful review, we affirm.

The facts and procedural history of this matter are well-known to the parties, and we need not restate them here at length. Relevantly, on September 3, 2021, Appellant filed a counselled amended PCRA petition raising numerous claims of ineffective assistance of counsel. On April 25, 2022, the Commonwealth filed a response to Appellant's amended petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 29, 2022, the PCRA court held a hearing on the amended petition, after which, on September 22, 2022, the court denied the petition as meritless.

This timely appeal followed. Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. In response, on December 15, 2022, the PCRA court filed a Statement of Reasons in which it directed this Court to its September 22, 2022 Opinion and Order for an explanation of its reasons for finding Appellant's claims meritless.

On appeal, Appellant has raised four claims challenging the PCRA court's denial of his ineffective assistance of counsel claims. *See* Appellant's Brief at 8.

Before addressing the merits of Appellant's claims, we consider whether he has properly preserved them.

Our rules of appellate procedure require that an appellant present an argument addressing the lower court's decision underlying his appeal and support his argument with "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When an appellant fails to do so, this Court "will not become the counsel for an appellant, and will not, therefore, consider [the] issue[.]" *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (quotation marks and citation omitted). *See also* Pa.R.A.P. 2101 ("if the defects are in the brief [] of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").

Our review confirms that Appellant has failed to support any of his four arguments with citation to the record and to develop them with citation to and discussion of relevant case law. Appellant's failure to develop any legal argument to support his ineffective assistance of counsel claims fatally hampers our ability to consider these issues. As a result, we conclude that Appellant has waived his claims.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023

_____

[1] We also observe that Appellant's Statement of the Case is woefully deficient. Although he acknowledges that "[t]his matter has been extensively litigated since it[]s inception in 2006," Appellant failed to provide this Court with any information regarding the case's procedural history after 2015. Appellant's Brief at 9. Rather, following reference to his 2015 resentencing, Appellant simply states "a series of PCRA appeals followed[,] this being the latest." **Id.** at 11. Appellant has neglected to explain to this Court the procedural history between 2015 and 2022 and has not provided any information contextualizing the claims he raised in the petition giving rise to the instant appeal in violation of Pa.R.A.P. 2117(a)(4) (requiring an appellant to provide a statement "of all the facts which are necessary to be known in order to determine the points in controversy").