J-S18037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :            PENNSYLVANIA
                           :
         v.              :
                           :
                           :
JALMED P. MARKS, JR.           :
                           :
       Appellant           :   No. 326 EDA 2023

Appeal from the PCRA Order Entered September 9, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000888-2019

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED AUGUST 18, 2023**

Appellant, Jalmed P. Marks, Jr., appeals from the order entered in the Court of Common Pleas of Bucks County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 after a hearing.  Upon review, we affirm.

The trial court sets forth the pertinent facts and procedural history as follows:

> A joint investigation took place between Bristol Township police, Middletown Township police, Falls Township police, and Bucks County detectives.  Through this investigation, law enforcement discovered an organization of about 5 to 6 individuals selling heroin and/or fentanyl in Bucks County and New Jersey using a single telephone number.  The investigation covered approximately 19 deliveries of heroin and/or fentanyl from March 12, 2018, until November 4, 2018.  During the course of the

_____

[*] Former Justice specially assigned to the Superior Court.

investigation, numerous vehicles and numerous delivery drivers were used.

On October 18, 2018, a confidential informant contacted the telephone number and Appellant arrived in Falls Township, Bucks County, in a Nissan Sentra. Appellant delivered 11 wax paper bags stamped "Armanni", confirmed to be .18 grams of heroin.

On October 18, 2018, a confidential informant ordered a brick of heroin and Appellant arrived again in a Nissan Sentra and delivered 50 bags of heroin stamped, "Sit Call." The 50 bags wee confirmed to contain 1.03 grams of heroin, .13 grams of fentanyl, heroin, and 4-ANPP.

On October 23, 2018, an undercover officer contacted the telephone number, ordered heroin, and Appellant delivered 15 bags, stamped "Armanni", which was confirmed to be .15 grams of heroin.

On November 14, 2018, an undercover officer contacted the telephone number and ordered $50 worth of heroin. Appellant delivered 13 bags stamped "Hell Fire" confirmed to be .3 grams of heroin.

Appellant was charged with the following: count 1, corrupt organizations; count 2, conspiracy to violate 911(b)(1)-(b)(3); count 3, conspiracy to commit corrupt organizations; counts 4 through 19, possession with intent to deliver; counts 20 through 35, criminal use of a communication facility.

On October 2, 2019, Appellant entered into a guilty plea on counts 1 through 20. The Commonwealth withdrew prosecution on counts 21 through 35. Sentencing was deferred for 45 days for the purpose of mitigation.

On January 22, 2020, this Court sentenced Appellant to the following: count 1, to undergo imprisonment for not less than 2 years to no more than 5 years to be served consecutively to count 1; and on count 10, to undergo imprisonment for not less than 2 years to no more than 5 years to be served consecutively to count 9.

. . . .

Keith Bidlingmaier, Esquire, represented Appellant for his guilty plea hearing and filed a Motion for Reconsideration of Sentence on January 30, 2022. However, Thomas Logan, Esquire, also filed a Motion for Reconsideration on the same date and entered his appearance to represent Appellant, so Mr. Bidlingmaier ceased representation of Appellant.

After this Court denied Appellant's Motion for Reconsideration of Sentence without a hearing, Appellant appealed to the Superior Court of Pennsylvania and was represented by Zak T. Goldstein, Esquire. Appellant alleged [the trial court] abused its discretion in sentencing. The Superior Court affirmed . . . judgment of sentence on February 25, 2021. Appellant filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on November 8, 2021.

On June 14, 2022, Appellant timely filed a counseled PCRA Petition. Appellant was represented by Thomas C. Clemens, Esquire. After a hearing, [the PCRA court] denied Appellant's PCRA Petition on September 9, 2022. On October 4, 2022, Appellant filed Notice of Appeal to the Superior Court.

PCRA Court Opinion, 1/26/23, at 1-3.

Appellant's counseled brief presents the following questions for this Court's consideration:

1. Was trial counsel ineffective for failing to call to the sentencing Judge's attention that Appellant's sentence exceeded the aggravated range of the Sentencing Guidelines[?]

2. Was Keith Bidlingmaier, Esquire, ineffective as Appellant's counsel by failing to raise in the Motion for Reconsideration of Sentence, the issue of the sentencing Judge exceeding the Aggravated Range of the Sentencing Guidelines[?]

3. Was Thomas Logan, Esquire, ineffective as Appellant's counsel by failing to raise in the Motion for Reconsideration of Sentence, the issue of the sentencing Judge exceeding the Aggravated Range of the Sentencing Guidelines?

Brief of Appellant, at 5.

It is well-settled that,

> our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

As presented, Appellant's three issues coalesce to state a layered claim of ineffective assistance of prior counsel in failing to challenge the trial court's exercise of discretion in imposing an upward departure sentence. In addressing Appellant's claims of ineffective assistance of counsel, we are guided by the following standards:

> "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1272 (Pa. Super. 2010).
>
> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See Commonwealth v. Jones***, 583 Pa. 130, 876 A.2d 380, 385 (2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the "facts rise to the level of arguable merit is a legal determination." ***Commonwealth v. Saranchak***, 581 Pa. 490, 866 A.2d 292, 304 n. 14 (2005).

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. ***Commonwealth v. Colavita****,* 606 Pa. 1, 993 A.2d 874 (2010). Counsel's decisions will be considered reasonable if they effectuated his client's interests. ***Commonwealth v. Miller****,* 605 Pa. 1, 987 A.2d 638 (2009). We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. ***Id.*** at 653.

"Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. ***Commonwealth v. Steele****,* 599 Pa. 341, 961 A.2d 786, 797 (2008). A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.' ***Commonwealth v. Rathfon****,* 899 A.2d 365, 370 (Pa. Super.2006)." ***Burkett****, **supra*** at 1272; ***Strickland v. Washington****,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

***Commonwealth v. Stewart****,* 84 A.3d 701, 706–07 (Pa. Super. 2013).

"Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Sandusky***, 203 A.3d at 1044.

Furthermore, with respect to layered claims of ineffective assistance of counsel, this Court has explained:

Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.

Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If

that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and formatting altered); ***see also Commonwealth v. Ly***, 980 A.2d 61, 90-91 (Pa. 2009) (concluding that the defendant waived his claim of trial counsel ineffectiveness because he failed to properly layer his claims regarding subsequent counsel's ineffectiveness).

With these standards in mind, we review Appellant's argument, which comprises one and one-half pages and offers only a bare assertion, without citation to supporting authority, that all prior counsel rendered *per se* ineffective assistance of counsel by failing to challenge the trial court's decision to exceed the sentencing guidelines when it imposed sentence on Appellant.

It is well-settled that the sentencing guidelines are advisory, and a trial court, in exercising its sentencing discretion, may deviate from guideline ranges if it is aware of the guidelines and states on the record the factual basis and specific reasons for departing from them. ***See Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012).

Appellant fails to address whether the trial court met this standard. Rather, he merely states summarily that each counsel ineffectively failed to challenge Appellant's upward departure sentence. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address any issue

- 6 -

on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding the issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

Here, Appellant's counseled brief is inadequate, as it fails to advance its issues with an argument that discusses controlling legal precedent and how it relates to the present facts. Accordingly, finding that Appellant's briefing deficiency fatally hampers our ability to consider the ineffective assistance of counsel issues raised herein, we affirm the order dismissing Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2023