J-S45024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PABLO MATOS, JR. :
:
Appellant : No. 866 MDA 2024

Appeal from the PCRA Order Entered April 17, 2024
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000220-2019

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED: JANUARY 10, 2025**

Appellant, Pablo Matos, Jr., appeals from the April 17, 2024 order entered in the Court of Common Pleas of Juniata County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Due to significant briefing defects, we are unable to conduct meaningful review. Accordingly, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition. Briefly, on October 5, 2021, the court sentenced Appellant to 5 to 10 years of incarceration following a guilty plea to Persons Not to Possess Firearms. After this Court affirmed his judgment of sentence,[1] Appellant timely filed his first *pro se* PCRA petition on February 23, 2023. The court appointed William Shreve, Esq. as PCRA counsel. On July 28, 2023, Attorney

_____

[1] **Commonwealth v. Matos**, 2022 WL 6890174 (Pa. Super. Oct. 12, 2022).

Shreve filed a **Turner**/**Finley**[2] no-merit letter and a petition to withdraw as counsel.

On September 1, 2023, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted Attorney Shreve's motion to withdraw. On September 14, 2023, Appellant responded. On April 17, 2024, the court entered an order dismissing Appellant's PCRA petition.

Appellant filed a *pro se* notice of appeal.[3] Both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises several claims of ineffective assistance of counsel. Appellant's Br. at 1, 3, 5, 13, 18, 25, 33 (unpaginated).[4]

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; **see also id.** at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] Although Appellant filed his notice of appeal outside the 30-day period allowed by Pa.R.A.P. 903, we deem this appeal timely because the record indicates that the PCRA court failed to advise Appellant of his appeal rights in its April 17, 2024 order dismissing Appellant's PCRA petition. **See e.g., Commonwealth v. Patterson**, 940 A.2d 493, 501 (Pa. Super. 2007) (declining to quash facially untimely appeal where trial court's order failed to advise appellant of his appeal rights).

[4] The page numbers we assigned to Appellant's brief do not include the other documents he has interspersed throughout his brief.

is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record[,] and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address an issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006).

Rule 2116 requires a concise statement of the questions involved and provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Here, Appellant failed to include a statement of questions involved. Additionally, Rule 2117 requires "[a] closely condensed chronological statement, in narrative form," of all necessary facts with citations to the record. Pa.R.A.P. 2117(a)(4). Appellant has not complied. Rather, Appellant's brief is comprised of argument containing statements of the facts of his case interspersed among pages from transcripts and an affidavit from one of the witnesses in his case. Finally, Appellant includes only boilerplate

case law and fails to apply the law to the facts of his case in a coherent manner. Pa.R.A.P. 2119(a); **Hardy**, 918 A.2d at 771.

Appellant's significant omissions and briefing defects preclude this Court's meaningful review, and thus, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/10/2025