J-S45022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC JOSEPH WILSON | : | |
| | : | |
| Appellant | : | No. 105 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000075-2021

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED: FEBRUARY 26, 2025**

Appellant, Eric Joseph Wilson, appeals from the April 14, 2023 amended judgment of sentence of 12 to 24 years of incarceration entered in the Mifflin County Court of Common Pleas following his conviction of Third-Degree Murder, Involuntary Manslaughter, Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person.[1] Appellant challenges the sufficiency of the evidence, the trial court's denial of his motion to enforce a plea agreement, and an evidentiary ruling.

The relevant facts and procedural history are as follows. On November 13, 2020, a group of friends, including Madison Gagliardo, Tyrus Forston, and Travis Taylor (the "victim"), met at the small apartment Ms. Gagliardo shared with Destiny Wynn. Around midnight, Appellant, whom Ms. Gagliardo did not

---

[1] 18 Pa.C.S. §§ 2502(c), 2504, 2702(a)(4), 2701(a)(2), and 2705, respectively.

know well, arrived. At this time, the victim was asleep on the floor of the apartment.

Shortly after he arrived, Appellant and Ms. Gagliardo left the apartment to go to an ATM. After visiting the ATM, the two returned to Ms. Gagliardo's apartment building and parked in the garage. Ms. Gagliardo entered her apartment first, with Appellant following behind her. Ms. Gagliardo observed that the victim was still asleep on the floor. Ms. Gagliardo "heard [Appellant] say something that he just wanted to scare [the victim]." N.T., 2/8/23, at 55. She told Appellant to "knock it off . . . and let him sleep." *Id.* As Ms. Gagliardo approached her bedroom door she heard a gunshot. She immediately turned to Appellant and yelled "what did you do." *Id.* at 56. Ms. Gagliardo then observed Appellant run from the apartment, failing to render any aid to the victim or to call 911. She ran after Appellant, did not see him, but heard his footsteps as he ran down an alleyway. Ms. Gagliardo returned to the apartment and called 911.

Police Officer David Vallimont responded to the 911 call to find the victim lying on the floor with a gunshot wound to his head. After learning the shooter's identity, Officer Vallimont proceeded to a nearby residence where he found Appellant and took him into custody. Appellant told Officer Vallimont that "he had tossed the weapon somewhere in the alley." *Id.* at 109. The victim subsequently died from his injuries.

Following this incident, the Commonwealth charged Appellant with numerous offenses.

Initially, the Commonwealth intended to call Mr. Forston as the sole witness who would testify that he saw Appellant point a firearm at the victim. However, shortly before trial, as the prosecutor was preparing Mr. Forston for trial, Mr. Forston advised the prosecutor that he no longer recalled Appellant pointing a firearm at the victim. Thus, on the morning of July 2, 2022, the Commonwealth proposed via email that Appellant enter into an open guilty plea to Involuntary Manslaughter in exchange for which the Commonwealth would withdraw all other charges. The prosecutor indicated that it would "continue to look for any additional information [] regarding the circumstances of the shooting but if nothing additional materializes, I believe a plea to [I]nvoulntary [M]anslaughter is appropriate." Motion to Enforce Plea Agreement, 7/26/22, at Exh. A. Shortly thereafter, however, the Commonwealth received notice that investigators had received additional information from Ms. Gagliardo regarding the circumstances of the shooting. The Commonwealth immediately notified Appellant's counsel of the development and informed him that it was withdrawing the plea proposal.

Appellant filed a motion to enforce the plea agreement. Following a hearing on the motion, on September 9, 2022, the trial court denied it, concluding that "the plea deal was contingent on no new information coming to light and that the withdrawal of the plea offer by the Commonwealth was consistent with the caveat presented to Defendant when it was made." Opinion, 9/9/22.

The Commonwealth filed a motion *in limine* seeking to introduce as evidence a photograph of the victim lying on the floor of the apartment shortly after Appellant shot him. Appellant objected, arguing that the photograph was of minimal probative value and unduly prejudicial as it would likely inflame the passions of the jury. On October 17, 2022, the trial court held a hearing on the motion after which it determined that, because the photograph showed the relative location of the victim's body in the apartment and did not show any wounds or graphic images of the victim, it was admissible. In particular, the court concluded that the photograph was relevant and was not inflammatory.

Appellant proceeded to a jury trial at which Ms. Gagliardo testified in accordance with the above facts.[2] In addition, Appellant's counsel cross-examined Ms. Gagliardo vigorously regarding her failure to inform investigators until 571 days after the incident that she had heard Appellant threaten to scare the victim and the inconsistencies between this statement and all prior statements to investigators.

On February 9, 2023, the jury convicted Appellant of the above offenses. On April 14, 2023, the trial court sentenced Appellant to an aggregate term of 12 to 24 years of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on December 29, 2023.

This appeal followed.

---

[2] Officer Vallimont, among others, also testified.

Appellant raises the following three issues on appeal:

1. Whether the evidence adduced at trial was insufficient to establish the element of malice, required for both Third-Degree Murder and Aggravated Assault?

2. Whether the trial court erred in denying [Appellant's] motion to enforce plea agreement?

3. Whether the trial court erred in granting the Commonwealth's motion *in limine* to admit photographs of the decedent at the scene, such that the photographs [i]nflamed the passions of the jury and rendered them unable to render a fair and impartial verdict?

Appellant's Brief at 6 (unnecessary capitalization omitted).

**A.**

In his first issue, Appellant purports to challenge the sufficiency of the Commonwealth's evidence in support of his Third-Degree Murder and Aggravated Assault convictions.  Appellant contends that the Commonwealth failed to prove that he committed Third-Degree Murder or Aggravated Assault because it did not present any **credible** evidence that he acted with malice or that it was Appellant who pointed or aimed the firearm at the victim.  Appellant's Brief at 12-17.  Appellant concedes that Ms. Gagliardo told police that she heard Appellant say that he wanted to scare the victim, but he emphasizes that it was not until Ms. Gagliardo's fourth police interview that she reported having heard this statement.  *Id.* at 16.  Appellant argues that this rendered Ms. Gagliardo's statement not credible "as a matter of law" because: (1) it was inconsistent with her prior statements to police that she did not know what had happened; and (2) she made it on the eve of trial, 571

days after the crime, when she had had at least three prior opportunities to offer this statement.[3] *Id.* at 17.

A sufficiency of the evidence claim questions whether the evidence established "each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000); *see also Commonwealth v. Williams*, 176 A.3d 298, 305-06 (Pa. Super. 2017). In contrast, a "challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." *Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa. Super. 2017) (citation omitted).

Following our review of Appellant's argument in support of his first claim, we conclude that, as presented, Appellant has challenged the weight the trial court gave to Ms. Gagliardo's testimony, and not the sufficiency of the Commonwealth's evidence. Appellant did not, however, preserve a challenge

_____

[3] Appellant also baldly asserts that, even assuming Ms. Gagliardo was telling the truth, Appellant's desire to scare the victim "does not rise to the level required [to prove] malice." Appellant's Brief at 17. Appellant has not, however, developed any argument in support of this assertion with citation to and discussion of relevant case law. He has, therefore, waived it. *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) ("It is [an a]ppellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived.") (citation omitted).

to the weight of the evidence by raising it in his post-sentence motion or Rule 1925(b) statement. **See** Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial[.]"); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived."); **Id.** at 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Because Appellant has raised a challenge to the weight of the evidence for the first time on appeal, he has waived it.

**B.**

In his second issue, Appellant claims that the trial court erred in denying his motion to enforce the plea agreement. Appellant's Brief at 18-23. He asserts that the court should have permitted him to plead guilty because he agreed to do so in good faith and Ms. Gagliardo's "modified, incredible statement" was nothing more than a pretext to "violate the agreement [the Commonwealth] had reached[.]" **Id.** at 22.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. **See** Pa.R.A.P 2119(a)-(c). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. **See** Pa.R.A.P. 2101. As this Court has made clear, we "will not act as counsel[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189

A.3d 1065, 1079 (Pa. Super. 2018). If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that the appellant waived his issue on appeal for failing to support his claim with relevant citations to case law and the record); ***see also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding waiver where the argument portion of an appellant's brief lacked "meaningful discussion of, or citation to, relevant legal authority").

Here, Appellant has set forth boilerplate law pertaining to the role of plea bargains in the criminal justice system. He did not, however, cite or discuss any cases illustrating the specific legal question at issue here and failed to provide any citations to the record before summarily concluding that the court must enforce the plea agreement in order to "restore the system to its barely functional *status quo ante*." Appellant's Brief at 23. Appellant's omissions and his failure to develop this issue not only violate our briefing requirements set forth in Pa.R.A.P. 2119(a)-(e), but also preclude this Court's meaningful review. Accordingly, we conclude that Appellant has waived his challenge to the denial of his motion to enforce settlement agreement

## C.

In his final issue, Appellant claims that the trial court erred in granting the Commonwealth's motion *in limine* to admit a photograph of the victim after he had been shot but while he was still alive. Appellant's Brief at 23-24.

He contends that the photograph was irrelevant because the parties did not dispute that the victim had been shot.  *Id.* at 23.

Appellant has likewise failed to develop the argument in support of this claim with citation to and discussion of pertinent case law.  We, thus, find this claim waived.

**D.**

Having found each of Appellant's issues waived, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2025